Judge Simpson
delivered the opinion of the Court.
This action was brought by the plaintiff, Nixon, in the Kenton Circuit Court. He alleged in his petition that he was the holder of a note for $3,019 03, which was executed on the 10th day of December, 1851, to Samuel Cloon, by the firm of James P. Jack & Co., and which had been assigned to him by Cloon the payee thereof; that at the time said note was executed the defendants, Jack, Goodall, Dean, and Haven, constituted the firm of Jack & Co., and that no part of the said debt had been paid. Pie also alleged that the firm of Jack & Co., owned a tract of land in Lewis county in this state, which had been conveyed by Bush, the former owner thereof, to the defendant McLean, who held it in trust for them, they having paid- all the purchase money; and that the deed to McLean was fraudulent and void as to the creditors of Jack & Co. He also states that when the land was purchased and conveyed to McLean, the firm of Jack & Co. was composed of the same members of which it was constituted at the date of the note, with the exception of Dean, whose place in the firm was then occupied by the defend *179 ant Fry, who was entitled to one-fourth of said tract of land, and therefore the plaintiff only sought to subject the other three-fourths thereof to the payment of his demand.
1. Petition in equity filed agaiust Jack-- & Co , consisting of Jack, Goodall, Dean, and Haven, attaching a tract of land in Lewis couniy; process served on Jack and Haven — tks other def’ts non residents— and dismissed by the Circuit Court— held that plaintiff was entitled to judgment a-against the defendants served with process in the c’ty where the suit was brought. (Lana-dale vs. Mitchell; 14 B. Monroe, 348.)
2. The 93d section of Code of Practice has no application to a case of an attachment stir ed out in one-county, where defendant is served with process, and seeking the sale of land in another ■county; butsuch .¡proceeding is forerned by the 06th section, ■piiiich . authorises the action to be brought in any c’ty where the defendant resides or is ser.fed with process.
*179 Process was executed in the county where the action was brought on the defendants Haven and Jack, and the other defendants were proceeded against as non residents.
The defendant, McLean, filed his answer, in which he claimed at his own property the land in Lewis county, conveyed to him by Bush, and denied that the purchase money had been paid by the firm of Jack & Co., or that they had any interest in the land.
The Circuit Court having dismissed the plaintiff’s petition, without even rendering a judgment in his favor against the defendants who were served with process, he has appealed to this court.
The plaintiff was entitled to a personal judgment against the defendants who had been served with process, even if he failed to establish his right to subject the property attached to the payment of his debt. If he were not entitled to any equitable relief, still, as he had a right to a personal judgment against part of the defendants, the court erred in dismissing his petition against them. The case as to them should have been transferred to the proper docket, and a judgment rendered against them. (Lansdale vs. Mitchell, 14 B. Mon., 348.)
But the principal object of the plaintiff was to subject the land in Lewis county to the payment of his demand. It was the only property mentioned in his petition as belonging to the defendants, and the only property on which the attachment had been levied.
To sustain the judgment it is contended that the Circuit Court had no jurisdiction to order a sale of the land in Lewis county, that an action for that purpose i s local, and must be brought in the county where the land lies.
*180 To sustain this position the 93rd section of the Code of Practice in Civil Cases is relied upon. That section provides that actions for the following causes must be brought in the county in which the subject of the action, or some part thereof is situated. One of the causes enumerated is for the sale of real property under a mortgage, lien, or other incumbrance or charge.
But this action was not brought for the sale of the land in Lewis county, under a mortgage, lien, or other incumbrance or charge. None was set up or asserted by the plaintiff. An existing incumbrance or charge on the land is evidently here referred to — one to which it is subject, and lor the enforcement of which the action is brought. In this case the action was instituted, not to sell the land for an existing charge, but for the pajrment of the plaintiff’s demand for which there was no lien, incumbrance, or charge upon the land. The levy of the attachment created a quasi lien upon the land during the pendency of the action. But that lien was created merely for the purpose of securing the property so that it might be subject to the final judgment of the court; and the action cannot, with any propriety, be said to have been brought to sell the land under a lien which had no existence at the time it was commenced. This action cannot, therefore, be regarded as being embraced by the 93rd section of the code. It comes within the operation of section 106, which authorizes the action to be brought in any county in which the '.defendant, or one of several defendants resides, oris summoned. If all the defendants had been non-residents, and none of them had been summoned in the county in which the action was brought, then according to section 105 it should have been brought in the county in which the land is situated. But as two of the defendants were summoned in the county of Kenton, the action was properly brought in that county, and the court below had; complete jurisdiction over the whole case.
3. By sec. 474 a judgment credl itor, having an execution returned ‘no property found,’ may institute equitable proceeding in the court froth whence the execution issued, or in the court of any county in which the defendant reside» or is summoned.
4. The question whether 2. witnesses is necessary to over-, turn the state-, ments of an answer, under the Code, stated but not decided.
It is not contemplated by the Code that every action brought -to subject land to the payment of the plaintiff’s demand, shall be brought in the county where the land lies, and in no other county. By section 474 a judgment creditor having an execution returned no property found, may institute an action by equitable proceedings in the court from which the execution issued, or in the court of any county in which the defendant resides or is summoned, and have any interest in land, legal or equitable, belonging to him, situated in any county, subjected to the payment of the judgment at law.
The depositions of Fry and Haven, two of the defendants, having been excluded by the court below, on the ground that the witnesses were interested on the part of the plaintiff, and incompetent to testify in his behalf, there remained but one witness to sustain the plaintiff’s claim in opposition to its positive denial by the defendant in his answer.
Tt is contended that the rule of law which requires the testimony of two witnesses, or of one witness and strong corroborating circumstances to overcome in a court of equity the positive denial of the defendant in his answer, should be regarded as having been abrogated by the Code of Practice, inasmuch as the pleadings on both sides, must, according to its provisions, be sworn to by the respective parties in actions by either ordinary or equitable proceedings.
On the other side it argued that there is no indication in the Code of any legislative intention to change this established rule of practice, that on the contrary, it is expressly provided in section 142, which requires a verification of the pleadings by the affidavit of the parties, that such verification shall not make other or greater proof necessary on the side of the adverse party, and that this provision authorizes the conclusion that no change in the rules of evidence was intended to be effected by the requisition that the pleadings of the parties should be sworn to by them.
5. A witness, though party to the suit, having no interest however in the quea tions in issue, held competent to testify.
If the testimony of one witness was insufficient in this case to authorize a judgment for the plaintiff against the defendant McLean, then it would be necessary to determine whether the other two depositions were properly excluded, or whether either of the witnesses was competent to testify for the plaintiff. But if either one of the excluded witnesses was competent, it will be unnecessary to decide in this case whether the rule of law referred to has been changed by the Code of Practice or not, as in that event there will be two witnesses testifying in opposition to the statements contained in the answer.
As the defendant Haven, was one of the partners of the firm of Jack & Co., when the note sued on was executed, and as the effect of his testimony would be to subject property claimed by a third person to the payment of a debt for which he is liable, and thereby exonerate himself, it is perfectly evident that he is interested, and his deposition was properly excluded.
The other witness, Fry, however, is not liable for the plaintiff’s debt, not having been a member of the firm of Jack & Co., when it was created. He has no interest in having it paid. He claims, it is true, part Of the land which the plaintiff is attempting to subject to the payment of his debt. The success of the plaintiff, and the right, of the witness both depend upon the establishment of the alleged fact, that the land actually belongs to Jack & Co., and is held in trust for them by the defendant, McLean. But the witness has not asserted his claim to the land in this action, nor can any judgment be rendered therein in his favor against his co-defendant McLean. The issue made up in the action is between the plaintiff and McLean. A judgment in favor of the plaintiff cannot be used by the witness in any subsequent litigation between him and the defendant McLean. He is a party to. the record, but he is not a party to the issue, nor directly interested in it. He could not have appealed from the judgment dis *183 missing the plaintiff’s petition although he is a defendant. He is a necessary party to the action, only because, according to the statements in the petition, he is the owner of one undivided fourth of the land the plaintiff is attempting to subject to the payment of his debt. But as the right of the witness is conceded by the plaintiff, and there is no controversy between them, either with respect to this fourth part, or any other interest therein claimed by the witness, he has no direct interest in the subject matter in issue between the other parties, and is a competent witness for the plaintiff. (1 Greenleaf on Evidence, page 562.)
There is no testimony that Haven has transferred his interest in the land to the witness — Haven’s deposition having been excluded. But if the fact appeared in the cause, it would not affect the question of his competency, inasmuch as he has not asserted the claim in this suit, and could not use the judgment in this case, in any action which he might hereafter bring for its establishment. Besides the effect of his testimony will be to subject this part of the land to the payment of the plaintiff’s demand, to the prejudice of any interest which he claims in it as the assignee of Haven.
When the testimony of this witness is admitted, the fact that the defendant McLean purchased the land for Jack & Co., as their agent, and paid for it wúth their property is fully established. Consequently the plaintiff is entitled to a judgment for the sale of three-fourths of said land, or for so much thereof as may be necessary for the payment of his debt and costs.
Wherefore, the judgment is z*eversed, and cause remanded for a judgment in confoz’mity with the principles of this opiniozz.
*184 p