### MARY HALL STEWART v. W. L. W. TROUTMAN'S ADM'R.

**Husband and Wife—Conveyance from Husband to Wife for Love and Affection—Creditor's Rights.**

Where a husband, being indebted, voluntarily conveys his real estate to his wife for no other consideration than love and affection, his creditors have the right to subject such real estate to the payment of their claims.

#### APPEAL FROM HARDIN CIRCUIT COURT.

November 21, 1877.

OPINION BY JUDGE PRYOR:

The right of action existed prior to the death of appellant's intestate, and we perceive no reason why his death should require a return of nulla bona as against his personal representative or devisees; and besides this is a proceeding to subject to the payment of appellee's debt land that had been conveyed by the husband to the wife upon no other consideration than that of love and affection.

It was a voluntary conveyance, and subject to the claims of the husband's creditors existing prior to its execution. This is not a proceeding to enforce a lien to foreclose a mortgage or other charge upon the property, but to satisfy appellee's demand, and is within that provision of the Code authorizing the action to be brought in any county where the defendants, or one of them, resides or is summoned. The action was, therefore, properly brought in the county where the appellee lived. The insolvency of the appellant's intestate is also admitted, and if there had been no return of the fi. fa. the land could have been subjected on the pleadings. The answer of appellant says that the intestate died in Hardin county, having but little property, not as much as she was entitled to as his widow under the exemption laws of the state. There is no denial of the fact that executions had been returned no property found as to

both the intestate and his personal representative, and the validity of the claim not being questioned, the judgment below was proper. There is nothing in the record showing the manner in which the appellant's intestate claimed this property, or that the heirs of John T. Jacobs are necessary parties, or that the property directed to be sold was devised by him to appellant's intestate. The deed to the wife purports to pass to her the absolute title.

The credits were properly allowed, as is admitted by an agreement filed with the record, and the fact that the attachment was sustained when same had been issued or levied cannot affect the right of recovery.

The conveyance being voluntary, the appellee had the right to subject it to the payment of the claim by the proceeding in Hardin county. *Nixon v. Jacks,* 16 B. Mon. 174.

Judgment *affirmed.* ·

Judge Cofer not sitting.

*Brown & Chelf, for appellant.    M. H. Marriatt, for appellee.*