CASE 105.—ACTION BY W. N. ROGERS AGAINST BEN H. HATTON ON A NOTE FOR LESS THAN $50.00.— Oct. 15, 1909.

## Hatton v. Rogers.

Appeal from Estill Circuit Court.

JAMES P. ADAMS, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Reversed.

1. Courts—Jurisdiction—Circuit Court.—Under Ky. St. 1909, Sec. 966, providing that the circuit court shall have jurisdiction in all cases where title to land is in question, or in which it is sought to subject land by provisional remedy, though a note sued on was for less than $50, that an attachment was obtained and levied on the land gave the court jurisdiction, though otherwise, under the express provisions of Ky. St. 1909, Sec. 1086 (Russell's St. Sec. 3100), the justice's or quarterly court would have had exclusive jurisdiction.

2. Venue—Domicile of Party.—Under Civ. Code Prac. Sec. 79, providing that there shall be no judgment against defendant unless he be summoned in a county wherein the action is brought, or unless he resides in such county when the action is brought and be summoned elsewhere in the state, etc., service of summons on defendant in P. county did not authorize a judgment against him in E. county, where he did not reside in the latter county when the action was brought there.

Hatton v. Rogers.

3. Venue—"Lien, or Other Incumbrance or Charge."—Under Civ. Code Prac. Sec. 62, subd. 3, requiring an action for the sale of real property under a mortgage lien, or other incumbrance or charge, etc., to be brought in the county in which the subject of the action, or some part thereof, is situated, the words "lien, or other incumbrance or charge," do not embrace an attachment lien, but refer to liens or charges created by contract or judgment.

J. B. WHITE for appellant.

R. W. SMITH for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

Rogers sued Hatton in the Estill Circuit Court upon a note for less than $50. Some two months afterwards he filed an affidavit and obtained an attachment against the property of Hatton, which was levied upon the land owned by him. Afterwards a judgment by default was rendered for the amount of the debt, the attachment sustained, and an order entered directing a sale of the attached land. Thereupon Hatton came into court, and moved the court to vacate the judgment as void, upon the ground that he was not before the court when it was rendered.

There are several errors in the record before us, among which we may mention the fact that no attachment bond was executed; but the only one that we need particularly notice is the question whether or not Hatton was before the court. If he was not, the judgment was void, and his motion to vacate it should have been sustained. Although the note sued on was for less than $50, the fact that an attachment was obtained and levied upon land gave the court jurisdiction of the subject-matter of the action, as provided in section 966 of the Kentucky Statutes, which reads as follows:

"The circuit court shall be a court of record, and shall have original jurisdiction of all matters, both in law and equity, of which jurisdiction is not exclusively delegated to some other tribunal, and shall have jurisdiction in all cases where the title to land is in question, or in which it is sought to enforce a lien upon, or to subject land by provisional remedy to the payment of debt."

Except for the fact that jurisdiction was conferred upon the circuit court by virtue of the attachment, it would not have jurisdiction. The note was not secured by a lien on the land, and the justice's or quarterly court had exclusive jurisdiction, under section 1086 of the Kentucky Statutes, as the amount was less than $50.

Hatton was the only party defendant to the action, and the summons was executed upon him in Powell county. The action was a transitory one, and section 79 of the Civil Code of Practice provides that: "In an action brought pursuant to section 78, against a single defendant, there shall be no judgment against him, unless he be summoned in the county wherein the action is brought, or unless he reside in such county when the action is brought and be summoned elsewhere in this state, or unless he make defense to the action before objecting to the jurisdiction of the court."

There is nothing in the record to show that Hatton resided in Estill county when the action was brought, and so it is clear that the service of summons upon him in Powell county did not authorize a judgment against him in Estill county.

This was not an action, within the meaning of section 62 of the Civil Code of Practice, for the recov-

ery or subjection of real property. This section reads:

"Actions must be brought in the county in which the subject of the action, or some part thereof, is situated: (1) For the recovery of real property, or an estate or interest therein; (2) for the partition of real property, except as provided in section 66; (3) for the sale of real property under title 10, chapter 14, or under a mortgage, lien, or other incumbrance or charge, except for debts of a decedent; (4) for an injury to real property."

Subdivision 3 is the only one that can have any bearing upon this question. The words "lien, or other incumbrance or charge," in this subdivision, do not embrace a lien created by an attachment in an action like this, but refer to liens, incumbrances, or charges created by contract or the judgment of a court. In our opinion the judgment is void, and the motion to vacate should have been sustained.

Wherefore the judgment of the lower court is reversed, with directions to proceed in conformity with this opinion; but on the return of the case Hatton, as often ruled, will be before the court.