## Wilson v. Gibbs, et al.

## Wilson v. Allen, et al.

(Decided February 26, 1926.)

### Appeals from Mercer Circuit Court.

1. Courts—Court First Acquiring Jurisdiction of Specific Property Withdraws it from Jurisdiction of Every Other Court So Far as Necessary to Accomplish Purpose of Suit.—Court which first acquires jurisdiction of specific property, by seizure or otherwise, thereby withdraws it from jurisdiction of every other court so far as it is necessary to accomplish purpose of suit, and that court is entitled to retain such control as is requisite to effectuate its final judgment or decree therein from interference of every other tribunal.

2. Courts—Circuit Court of One County Held Without Jurisdiction of Suit by Judgment Debtor's Wife to Vacate Attachment Levy and Have Lis Pendens Notice Declared Void, where Circuit Court of Another County Had Prior Thereto Acquired Jurisdiction of Subject-Matter (Civil Code of Practice, Sections 210, 439-443; Ky. Stats., Section 2358a-2).—Where execution on plaintiff's judgment, obtained in circuit court of F. county, was returned unsatisfied, and she thereon instituted an equitable action under Civil Code of Practice, section 439, in which a general order of attachment was levied on land of judgment debtor's wife in M. county, and lis pendens notice was filed under Ky. Stats., section 2358a-2, held, that circuit court of F. county acquired jurisdiction of the subject-matter, in view of Civil Code of Practice, sections 210, 439-443; Ky. Stats., section 2358a-2, and circuit court of M. county was without jurisdiction of subsequent suit by judgment debtor's wife to vacate attachment levy and have lis pendens notice declared void.

3. Pleading.—Allegations of pleading are to be taken as true on demurrer.

R. W. KEENON for appellants.

C. E. RANKIN and JAMES H. POLSGROVE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—Reversing.

The appellant, Margaret C. Wilson, obtained a personal judgment for $5,000.00 against William Brown in the Fayette circuit court. An execution issued thereon having been returned "no property found" she instituted an equitable action in the same court under section 439 of the Civil Code to enforce collection of her judgment. A general order of attachment, issued in that action against his property and addressed to the sheriff of Mercer county, was levied upon land of his then wife, Esther Belle Brown. On the same date a *lis pendens* notice was filed and recorded in the county clerk's office of Mercer county in accordance with the provisions of section 2358a-2, Kentucky Statutes. Later the Browns were divorced and thereafter in March, 1925, Mrs. Brown sold and conveyed to appellees, Gibbs and Allen, different portions of her Mercer county farm. Because of the above *lis pendens* notice they refused to pay all the purchase price and were permitted to retain $500 each; and written contracts were executed whereby it was agreed that these sums should not bear interest or become payable until Mrs. Brown by proper legal proceedings procured the cancellation or release of the attachment levy and notice.

Shortly thereafter Mrs. Brown instituted these separate actions in the Mercer circuit court against Gibbs and Allen, making Mrs. Wilson a defendant in each case, and praying "that the title to said land be quieted;" that this attachment levy and *lis pendens* notice be declared of no legal effect and void; that the defendant purchasers be required to accept the title conveyed and pay the balance of the purchase price and that Mrs. Wilson be adjudged no interest or lien against the land, and for costs and all proper relief.

Neither Gibbs nor Allen defended, but in each case Mrs. Wilson filed special and general demurrers and an answer and plea to the court's jurisdiction. Her demurrers were overruled and a demurrer to her answer and plea was sustained. She declined to plead further and judgment was entered in each case conforming to the prayer of the petition.

Complaining of the court's ruling upon the demurrers she has prosecuted these appeals making her co-defendants appellees.

The first and chief question presented is whether the Fayette circuit court acquired prior and exclusive jurisdiction of the subject matter of these actions. It therefore is important to determine at the outset what the subject matter is and about which counsel disagree. While it is true that their ultimate purpose is to collect $500.00 each from Gibbs and Allen, both of whom reside and were served with process in Mercer county, it is also true that neither of these sums was due or payable under the contracts declared upon when the actions were filed nor until Mrs. Wilson's claimed attachment lien on the land described in the petitions is cancelled or released. It therefore is manifest that the cancellation of the attachment levy and notice is not only the primary object of these actions but the only question at issue between the parties and the *sine qua non* relief obtainable. It must follow then that the subject matter of the litigation is the legal effect of the levy upon land in Mercer county of an attachment issued by the Fayette circuit court in an action admittedly then and now pending.

The rule is well settled that the court which first acquires jurisdiction of specific property by seizure or otherwise, thereby withdraws it from the jurisdiction of every other court so far as it is necessary to accomplish the purpose of the suit and that court is entitled to retain such control as is requisite to effectuate its final judgment or decree therein from the interference of every other tribunal; and this rule has no reference to the supremacy of one tribunal over the other nor the superiority in the rank of respective claims in behalf of which the conflicting jurisdictions are invoked. See 7 R. C. L. 1068 and cases there cited.

It therefore is not important that the Mercer circuit court otherwise would have had jurisdiction of the matter here involved, and we need only determine whether the Fayette circuit court acquired jurisdiction thereof.

It is not denied and cannot be doubted that the Fayette circuit court in the equitable action to enforce its judgment against William Brown had the power to issue a general order of attachment against his property such as the one here involved; or that its levy upon any property owned by him in any county in the state constituted a seizure thereof by that court in satisfaction of any judgment it had the power to enter in that action (subject to section 210, Civil Code, not here involved); or that the *lis pendens* notice thereof made it as effective against subsequent purchasers as against the parties to

that action, since such are the plain purposes and effect of sections 439-443 of the Code and section 2358a of the statutes.

Clearly then any interest that William Brown may have owned in the Mercer county land at the time the attachment was issued and levied thereon was thereby seized by the Fayette circuit court and withdrawn from the jurisdiction of any other court so far as it was necessary to accomplish the purposes of that action. As much is practically admitted by counsel for appellees, since their only argument in support of the court's ruling is based upon the contention that William Brown did not then and does not now own any interest in the land subject to attachment.

That, however, was the precise question at issue in the Fayette circuit court, since the only purpose of the attachment and its levy upon the land here involved was to enable that court to subject his alleged interests in the land to Mrs. Wilson's judgment against him, and in order to accomplish that purpose it was necessary for the court in that action to decide whether or not Brown owned any interest in the attached land as alleged as well as the validity of the attachment, its levy and the notice thereof.

That this is true is also evident when the facts are tested by the res judicata doctrine.

The plea to the jurisdiction of the Mercer circuit court of these actions alleges, and for the purposes of the demurrer sustained thereto it must be taken as true, that Mrs. Brown, presumably a resident of Fayette county, was a party to that action. This being true it necessarily follows that if the Fayette circuit court has decided or should decide in that action that Brown owns an interest in the attached land and that same was subject to the attachment, that judgment, even if erroneous, would not be void and those questions would be res judicata not only as to Mrs. Brown but as to any one acquiring title to the attached land subsequent to the lis pendens notice.

Counsel for appellees combat this theory only upon the assumption that Mrs. Brown was not a party to the attachment suit, which, as we have seen, is not warranted by the record.

Convinced that the lower court erred in sustaining the demurrer to appellant's pleas to its jurisdiction the judgments are reversed and the causes remanded for proceedings not inconsistent herewith.