## Noe v. Brock.
(Decided Feb. 28, 1936.)

38

J. O. BAKER and POPE & BAKER for appellant.

H. C. CLAY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

At the October, 1931, term of the Laurel circuit court, F. C. Brock recovered a judgment against J. H. Middleton for $3,450, together with interest and costs, and to secure the payment thereof was awarded a lien on a certain tract of land in Laurel county which was ordered to be sold. At the sale, which took place on December 14, 1931, J. H. Middleton became the purchaser at the price of $3,700.25, the amount of the judgment, interest, and costs, and executed a sale bond payable six months thereafter with J. D. Lewis, E. C. G. Howard, and G. D. Saylor as sureties. The bond not having been paid at maturity, an execution was issued and placed in the hands of the sheriff of Laurel county. The sheriff levied upon and thereafter sold certain lands of J. H. Middleton for the sum of $3,010. After deducting his commission and the costs, there was a balance of $2,886.16, which was credited on the execution on August 8, 1932. The remainder of the execution was returned, "No property found."

On August 29, 1932, F. C. Brock, proceeding under section 439, Civil Code, brought this action against John D. Lewis and the other execution defendants upon the return of "no property found." On the filing of the petition an attachment was issued against the property of each of the defendants. The attachment was directed to the sheriff of Laurel county and the sheriff of Harlan county, and was by the sheriff of Harlan county levied on certain lots and tracts of land located in that county and belonging to John D. Lewis. On December 14, 1932, an amended petition was filed giving more definite descriptions of the lands owned by John D. Lewis in Harlan county, and attacking a mortgage which he had executed to his sister, Margie Noe, on March 9, 1931, and asking that she be required to answer and assert any claim that she had to two certain pieces of property under her mort-

gage, and that the two pieces of property be sold. Margie Noe appeared and filed a special demurrer and a general demurrer to the petition as amended, both of which were overruled. She then filed her separate answer denying certain allegations of the petition, asserting her lien on certain property, and asking that the petition be dismissed. She filed with her answer a copy of the mortgage. The court sustained a demurrer to the answer, and, she having declined to plead further, the attachment was sustained as to the two parcels of land which were ordered sold. Margie Noe appeals.

The first question for consideration is whether the Laurel circuit court had jurisdiction to order a sale of land located wholly in Harlan county, and of the person of appellant. Appellant relies upon section 62, subsection 3, Civil Code of Practice, providing:

"Actions must be brought in the county in which the subject of the action, or some part thereof, is situated—* * *

"3. For the sale of real property under title 10, chapter 14, or under a mortgage, lien, or other encumbrance or charge, except for debts of a decedent."

In the early case of Nixon v. Jack, 16 B. Mon. 174, the court, after holding that the words "mortgage, lien, or other incumbrance or charge," in the above section of the Code (then section 93), did not include an attachment lien obtained during the pendency of the action, a ruling afterwards approved in Hatton v. Rogers, 134 Ky. 840, 121 S. W. 698, said:

"It is not contemplated by the Code that every action brought to subject land to the payment of the plaintiff's demand, shall be brought in the county where the land lies, and in no other county. By section 474 [now section 439] a judgment creditor having an execution returned no property found, may institute an action by equitable proceedings in the court from which the execution issued, or in the court of any county in which the defendant resides or is summoned, and have any interest in land, legal or equitable, belonging to him, situated in any county, subjected to the payment of the judgment at law."

In the more recent case of Wilson v. Gibbs, 213

Ky. 268, 280 S. W. 1109, Margaret Wilson obtained a personal judgment for $5,000 against Wm. Brown in the Fayette circuit court. An execution which issued thereon having been returned "no property found," she instituted an equitable action in the same court under section 439, Civil Code of Practice, to enforce collection of her judgment. A general order of attachment addressed to the sheriff of Mercer county was levied upon land of Esther Belle Brown. On the same day a lis pendens notice was filed and recorded in the county clerk's office of Mercer county. Later, the Browns were divorced, and in March, 1925, Mrs. Brown sold and conveyed to Gibbs and Allen different portions of her Mercer county farm. Because of the lis pendens notice they refused to pay all the purchase price, and were permitted to retain $500 each under written contracts whereby it was agreed that these sums should not bear interest or become payable until Mrs. Brown by proper legal proceedings procured the cancellation or release of the attachment levy. Thereafter, Mrs. Brown instituted separate actions in the Mercer circuit court against Gibbs and Allen and Mrs. Wilson, and asked that her title to the land be quieted and that the attachment levy and lis pendens notice be declared of no legal effect and void, and that Mrs. Wilson be adjudged no interest in or lien against the land. Mrs. Wilson filed special and general demurrers and an answer and plea to the court's jurisdiction. Her demurrers were overruled, and a demurrer to her answer and plea was sustained. On appeal it was held that the Fayette circuit court, by virtue of the levy of the attachment, acquired jurisdiction of the land in Mercer county, and that the Mercer circuit court was without jurisdiction of the subsequent suit by the judgment debtor's wife to vacate the attachment levy and have the lis pendens notice declared void. Here the action on return of "No property found" was brought in the county where the original judgment was rendered, as authorized by section 70, Civil Code of Practice. The attachment was issued and levied in Harlan county on the property belonging to John D. Lewis. By virtue of the attachment, the Laurel circuit court acquired jurisdiction to sell the land, and as a necessary incident of that power the additional power to bring before the court and adjudicate the rights of all persons asserting a lien or claim to the land. It therefore had jurisdiction of appellant.

It remains to determine whether the demurrer to appellant's answer was properly sustained. The mortgage which she held on certain lands in Harlan county was executed by John D. Lewis to secure her against loss by virtue of her suretyship on certain notes. Appellant did not proceed under section 661, Civil Code of Practice, to compel her principal, John D. Lewis, to pay the debts on which she was liable as surety, but attempted to assert a prior lien by virtue of the mortgage and her payments of the indebtedness for which she was liable as surety. To state a cause of action against her principal and to show a lien prior to the attachment lien it was necessary for appellant to allege that she had paid all or some of the notes on which she was surety, and to give the amount paid. Fields v. Letcher State Bank, 246 Ky. 229, 54 S. W. (2d) 910. Respecting this phase of the case the allegation of the answer is: "That she has paid large sums on the said notes and interest."

Clearly, under the rule above announced, the allegation is too vague and indefinite to state a cause of action. We are therefore constrained to the view that the demurrer was properly sustained.

Judgment affirmed.