CASE 98—PETITION ORDINARY—NOVEMBER 4.

# Jones, &c., v. Gallatin County.

### APPEAL FROM GALLATIN CIRCUIT COURT.

1. A surety upon the bond of a public officer is estopped from raising the question of his principal's eligibility.

2. A surety upon an official bond who, by proper motion, has procured the execution of a new bond, continues to be responsible for the acts of his principal done prior to that time, and the new surety or sureties are responsible for such acts only as are thereafter done. ⊀ (Gen. Stat., chap. 104, sec. 6.)

3. One who has been appointed collector of the county levy for a certain year is not deprived of his right to collect it by the subsequent election of a sheriff before the expiration of the year.

J. J. LANDRAM FOR APPELLANTS.

1. The failure of a duly elected sheriff to qualify as such renders him ineligible to be appointed to fill the vacancy, and such order of appointment and any bond executed by him under it are null and void. (Basham v. Commonwealth, 13 Bush, 39; Hoglan v. Carpenter, 4 Bush, 91; Commonwealth for &c. v. Young, &c, 5 Dana, 564; McCormack v. Young, 3 J. J. Mar., 183; Cook v. Bank of Ky., 5 J. J. Mar., 184.)

2. The appellee having sued as upon statutory bonds, cannot recover upon the idea that the bonds sued upon are good common law bonds. (Kerney v. City of Covington, 1 Met., 243; Whittaker v. Menell, 30 Barb., 389; Gasper v. Adams, 28 Barb., 441; Barton v. White, 1 Bush, 10; Newman on Pleading, 722.)

BEN. S. LINDSAY AND J. J. ORR FOR APPELLEE.

1. One who has failed to qualify under his election as sheriff is not ineligible to be appointed collector of the county revenue. (Gen. Stat., chap. 100, sec. 3; chap. 81, sec. 12, and chap. 27, secs. 4 and 5.)

2. The sureties are estopped from denying the eligibility of their principal. (Brown v. Grover's adm'r, &c., 6 Bush, 1; Harris v. Teal, 14 B. M., 30.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

W. H. Jones was elected sheriff of the county of Gallatin at the regular election in August, 1876. He failed to exe-

cute bond as required by law, and the office was declared vacant by the county court.   At a special term of the court, held on the 19th of January, 1877, the following order was made: "On motion of Wm. H. Jones, sheriff, he is appointed collector of the county levies and *ad valorem* taxes in the county for the year 1877," &c.   Jones was not in fact sheriff at that time, but was appointed to fill the vacancy caused by his failure to qualify.   He executed bond as collector, with James H. Jones, Elijah Hogan, W. P. Holton, and Wm. Grubbs as his sureties.   At the May term of the same year (1877) Jones appeared in court and executed an additional bond, with Alfred Arrowsmith as surety.   This bond, the order recites, was taken and accepted in connection with the bond dated in January, 1877, and was evidently executed at the instance of the county court, and Arrowsmith was offered and accepted as an additional surety only.

On the 29th of September, 1877, Arrowsmith and Holton, two of the sureties on the bond executed on the 19th of January, 1877, obtained a rule against Jones, their principal, to show cause why he should not execute a new bond. The precise verbiage of the rule is not found in the record, the order of the 29th of September, 1877, reciting, "that W. H. Jones, sheriff, executed a new bond as collector of the county levies and *ad valorem* taxes of this county, in response to rule awarded, on the motion of Arrowsmith and Holton, with James H. Jones, Elijah Hogan, Martin Edwards, H. P. Clore, John C. Thomas, and Wm. Dudgeon, sureties, and the same is approved and ordered to be filed." This new bond obligates the principal *to collect and pay over to the persons entitled the county levy, ad valorem taxes, and public dues of the county for the year* 1877.   The previous bonds contained a like stipulation, the sureties in each of

Jones, &c., v. Gallatin County.

the bonds holding themselves liable in the event of their principal's failure to·account for the levies and public dues. of the county for the year 1877.

After the county court had declared the office vacant, Jones was a candidate at the ensuing August election to fill the vacancy, and was elected, but never qualified.

Jones having failed to account·for the moneys of the county collected by him, the county court instituted an action against Jones and his sureties on all the bonds to recover the amount due the county; and on a demurrer filed to the petition, it was adjudged that the sureties in the last bond alone were liable, and from that judgment they have appealed.

The sureties in the last bond, against whom judgment was rendered, say they are not liable, because the bond executed by them in September, 1877, was after the election of Jones to fill his own vacancy, and the bond was therefore void, Jones, as they insist, being ineligible by reason of his delinquency.

Whether eligible or not, is a question we will not determine. Jones had failed to execute a bond, after his first election, within the time required by law, and the county court, on the 19th of January, 1877, appointed Jones collector of the county levy and *ad valorem* taxes for that year, and the subsequent election of a sheriff did not deprive the collector of the right, under this appointment, to collect the county dues. He held his office independently of the office of sheriff, and he and his sureties were alone liable for the discharge of the duties imposed on him as collector, nor would he or his sureties be exempt from liability, although he might have been ineligible for the position by reason of his failure to qualify. By virtue of this bond, he undertook

to collect the money of the county. It was accepted and approved by the county court, and his sureties are estopped from raising such a question. The sureties in the bond of the 19th of January and of the 21st of May being liable to the county, the question arises as to the extent of the liability of the sureties on the last or what is termed the *new bond*. This new bond was executed on the motion of Arrowsmith and Holton, one of them being bound on the bond executed in January and the other on the bond executed in May. They were desirous of being indemnified or relieved from liability, and this bond was executed for that purpose. Their motion was made under chapter 104 of the General Statutes. By the third section of that chapter, upon proper notice, the surety may be relieved from future liability, or indemnified for the past acts of his principal, or may be entirely released. The sixth section provides:

"If a new bond is given, it shall operate as a discharge of all the sureties *making the motion* from all liability for the acts of the principal *thereafter done;* and if the object be so specified, the bond shall contain a stipulation or covenant to indemnify the said sureties against any loss, cost, or damage legally incurred by reason of said suretyship."

There is no such stipulation in the new bond in regard to loss, cost, or indemnity, and therefore the sureties in the new bond are liable for the acts only of the principal from the acceptance and approval of their covenant by the county court.

The sixth section of the General Statutes under this title is unlike the two sections of the Revised Statutes under a like title. That section provided, that "if a new bond is given, the surety shall not be liable for any act of the principal thereafter;" and in construing the section quoted, this

court held the execution of a new bond as a release of the surety from all responsibility, whether the default was prior or subsequent to the execution of the new bond. The liability of the surety in a new bond, unless otherwise stipulated, is expressly limited to the acts done by the principal subsequent to its execution. It reads, "from all liability for the acts of the principal *thereafter done*," and expressly provides the manner in which the surety may obtain indemnity for the past acts of his principal. The original sureties on the two bonds are then liable for the acts of the principal to the 29th of September, 1877, when the new bond was executed and accepted by the county court. The execution of this bond released Arrowsmith and Holton from all liability after that date, and they are only bound for the acts of the principal until the new bond was executed; and the sureties in the new bond became jointly liable with the other sureties in the bonds of January and May for the acts of the principal thereafter done. The moneys collected by Jones prior to the 29th of September, 1877, the sureties in the new bond are not liable for.

There is no appeal or cross-appeal by the county court against the sureties who are released from liability, therefore the judgment is reversed, with directions to charge the sureties in the new bond with their *pro rata* part only of the liability incurred on the basis herein indicated. This does not apply to those who are sureties on the original as well as the new bond. These sureties on the new bond were accepted by the county court as sureties for the acts of Jones, and two of the original sureties released. These last sureties are jointly bound with the others for the acts of Jones from the date of their covenant, it having been at that time accepted by the county court. This operation of the statute

may produce much trouble and inconvenience, but the language of the section as to when the liability begins is so plain as not to admit of any other construction.

Judgment reversed, and cause remanded, with direction to determine the liability of the appellants as herein directed.

.Judgment affirmed as to W. H. Jones.