*O. D. McManama, for appellant.*

*D. W. Rodman, for appellee.*

---

## CITY OF PADUCAH v. W. D. GREEN.

[Abstract Kentucky Law Reporter, Vol. 6—224.]

**Priority of Taxes Over Municipal Assessments.**

> The state has a paramount lien for taxes and the right of a municipal corporation is subordinate to that lien.

**Loss of Municipal Lien.**

> The lien of a city for a municipal assessment, being inferior to that of the state for taxes, is lost when the whole estate has been sold to pay the state's lien; and in such a sale it is not necessary for the city to be made a party to the proceeding. The state follows a summary course in collecting its revenue.

APPEAL FROM McCRACKEN COURT OF COMMON PLEAS.

September 11, 1884.

OPINION BY JUDGE PRYOR:

It must be conceded that the state has a paramount lien for taxes and that the right of a municipal corporation is subordinate to that

lien, with the right of the corporation to collect its taxes subject entirely to legislative control. The authority relied on by counsel conducing to make the lien of the state for taxes subordinate to mere municipal right can not be followed. The right of the state to impose such burdens and to enforce their collection is inferable from sovereignty, and the statute providing "that the purchaser at such sale . (tax sale) shall acquire all the title which the person to whom said property was assessed had therein at the date of the assessment and free from all claims or liens of any person claiming under or through him except state taxes subsequently assessed against said property and unpaid at the date of the sale" is certainly enforcible against municipalities whose right to tax is a delegated power that may be withdrawn or exercised as the legislature in its discretion may think best. It is not required that the state in collecting the taxes upon which its existence must depend should make all municipalities parties to the proceeding in order that the question as to the priority of liens may be adjudicated. The party in this case who was the owner of the estate at the date of the tax sale has conveyed his interest to the appellee, who was the purchaser from the state or the vendee of the state. So the purchaser has the title of the owner as well as the title under the tax sale. In this instance the lien of the city being inferior is lost when the whole estate has been sold to pay the taxes due the state, like the claim of the junior mortgagee when the property mortgaged is all consumed in paying the prior incumbrance. In the last instance the junior mortgagee should be made a defendant, but not so in the summary process adopted by the state for collecting its revenue.

If all subordinate governments are to be consulted before proceeding to collect the taxes the delay and litigation resulting from it would bankrupt the state. There is no question in this case as to the rights of third persons who have acquired liens by contract or who have become the owners of the land after its assessment. The only question presented is as to the power of the legislature to say that the taxes imposed by integral parts of the state government shall not be enforced against a purchaser from the state when the property is sold to raise the share of the burden imposed on the owner at the time the property was assessed for revenue purposes. The court below properly held that the title passed to the purchaser. Besides, in this case the city, or its authorized agents,

knew that the property was about to be sold for taxes due the state, and should have taken such steps as would have secured the city, either by purchasing the property or relieving it from the burden by paying the taxes due the state. If the purchase by the city of the property would have been unauthorized ultra vires there can be no doubt of its right to discharge the incumbrance by paying the money. In any event the right of the state to sell under such circumstances and to protect the purchaser is unquestionable.

Judgment *affirmed.*

*P. D. Yeiser, for appellant.*

*W. D. Green, for appellee.*