GEORGE L. ROUSE, JR., V. GEORGE W. BARTHOLOMEW.

1. REVIEW — *Question not Raised Below.* R. assumed the payment of one-half of certain mortgages on the property described in the deed to him from V. In the copy of the deed in the record the lots are described as in English's addition to the city of Wichita, while in the mortgage they are described as in English's third addition. There being nothing in the record to indicate that there was a substantial controversy as to the identity of the property in the deed with that in the mortgage, and as it does not appear that the attention of the trial court was called to the discrepancy in the descriptions, *held*, that this court cannot say, from the record presented, that the property described in the two instruments was not identical.

2. MORTGAGE — *Payment Assumed by Grantee.* A grantee of real estate, who has assumed the payment of a mortgage thereon, is not discharged from liability to the mortgagee merely because the mortgagee has foreclosed his mortgage as against the mortgagor and a subsequent grantee of the mortgaged property, and has sold the mortgaged property thereunder, and other property of the mortgagor attached in the foreclosure suit, but such mortgagee may still pursue his remedy against the grantee who has assumed the payment of the mortgage debt.

3. PREMISES — *Construction of Appraisement.* The mortgaged property was appraised on October 13, 1888, as follows: "We find and estimate the same to be of the total value and appraisement of $8,000," the said property being described and separately appraised as follows, to wit: "Lots seventy-eight (78), eighty (80), eighty-two (82), and eighty-four (84), on Fourth avenue, in English's third addition to the city of Wichita, Sedgwick county, Kansas, subject to a mortgage for $7,000, with interest at 8 per cent. from January 20, 1887." The sheriff sold the same for $100, and the sale was confirmed by the court. *Held*, That such appraisement must be construed to mean that the total value of all the lots was $8,000, and not $8,000 over and above the amount of the mortgage, and that $100, the amount for which the lots sold, was more than two-thirds of the appraisement of the debtor's interest therein.

*Error from Sedgwick District Court.*

THE opinion states the nature of the action and the material facts. Plaintiff *Bartholomew* had judgment, and defendant *Rouse* comes to this court.

*Stanley & Hume,* for plaintiff in error:

The court will notice that the "Exhibit A," being the deed under which the plaintiff in error was sought to be charged with the assumption of the mortgage, did not describe the lots on Fourth avenue in *English's third addition,* but described certain property on Fourth avenue in *English's addition* to the city of Wichita, Kas. In other words, the description in the deed and the description in the petition were wholly distinct and different. See *Tweedell v. Warner,* 43 Kas. 603.

In this matter, as shown by conclusions of fact numbers 4 and 7, Bartholomew did not ask to hold Rouse upon any assumption in the mortgage foreclosure, but merely sought to foreclose any interests he had in the property, and did not wish to transpose Vandeventer into a surety and Rouse into a principal, but deemed himself satisfied with his original security, and did not adopt the contract as is alleged was made between Rouse and Vandeventer, but on the contrary rejected it. See *Searing v. Benton,* 41 Kas. 758, and the cases there cited.

A reading of this appraisement will conclusively show to the court that this property, subject to a mortgage, was appraised by the appraisers in the sum of $8,000, and could not under the law have been sold for less than two-thirds thereof, being $5,333.33. The sheriff sold the property for $100, and the sale was confirmed and a deed ordered to be made, which was made by the sheriff. Lee was the owner of the property at the time of the sale. After the sale was made for less than two-thirds of the appraisement, Lee had the right to treat the sale as void, or sue for damages. After Lee brought suit against the sheriff for damages this cured the sale, and good title thereby passed to the purchaser. Lee pursued the remedy of ratifying the sale, and treating the sheriff as having damaged him to the extent of two-thirds of the appraised value of the property. The property, as the appraisement must be construed, was appraised, subject to a mortgage, in

the sum of $8,000. And the sheriff having sold it for $100, neccessarily the sheriff damaged Lee to the extent of two-thirds of $8,000, being $5,333.33. Lee having been damaged in the sum of $5,333.33, the judgment of Bartholomew must, under the law, be deemed to have been satisfied to such extent. See *De Jarnette v. Verner*, 40 Kas. 224.

*Campbell & Dyer*, for defendant in error:

We admit that the contract of Rouse with Vandeventer to pay one-half of the mortgage indebtedness is not binding between Rouse and the mortgagee until the mortgagee adopts the contract, and that, after he adopts the contract, the vendee becomes the principal and the mortgagor becomes the surety. But plaintiff in error insists that Bartholomew was bound to make an election between the two, and that, by suing Vandeventer and foreclosing the mortgage, Bartholomew made his election to hold Vandeventer, and thereby released Rouse. We submit this is not the law. The case cited by plaintiff in error, *Searing v. Benton*, 41 Kas. 758, is not in point. In this case, the party for whose benefit the contract was made is claiming its enforcement, and we think the law is clear in this state, that a party can sue a surety or a principal jointly or severally, and is not precluded from bringing another action against one who is liable on the same contract and was not made a party, but that he can only collect his debt once. Bartholomew could adopt the contract at any time before he brought his suit against Rouse. See *Center v. McQuesten*, 18 Kas. 480.

When a purchaser of property agreed to pay the purchase price to a third person in liquidation of a debt from his vendor to such third person, such third person may maintain his action against the purchaser on such promise, although the judgment against the vendor is still unreversed and unsatisfied. *Manufacturing Co. v. Burrows*, 40 Kas. 361–366.

Bartholomew was not required to elect as between Rouse and Vandeventer before he sued Rouse. The debt will be extinguished whenever paid by either party, and Rouse can-

not be heard to complain when Vandeventer interposes no objection.

The opinion of the court was delivered by

ALLEN, J.: Bartholomew, as plaintiff below, sued Rouse to recover $2,750, with interest, claiming that, on February 5, 1887, one J. E. Vandeventer executed two promissory notes to Smith and Brooks, for the sum of $2,700 each, with 8 per cent. interest, to be paid at maturity, but 12 per cent. if not paid at maturity, and secured the same by a mortgage on lots 78, 80, 82, and 84, on Fourth avenue, in English's third addition to the city of Wichita; that, on the 7th day of February, Vandeventer conveyed an undivided half interest in said lots to defendant Rouse; that in the deed to said lots it was provided that said Rouse should assume the payment of one-half of said mortgage, and that Rouse accepted the deed and assumed such payment; that Smith and Brooks, in due course of business, sold said notes to the plaintiff; that, afterward, plaintiff brought suit on said notes and mortgage in the district court of Sedgwick county against Vandeventer, for the amount of the notes and foreclosure of the mortgage; that on August 4, 1888, plaintiff pledged said judgment to Morton Woolman to secure a loan of $1,600; that the whole of said sum is still due and unpaid. The defendant Rouse, in his answer, among other things, alleges that by said judgment of foreclosure, mentioned in the plaintiff's petition, the property described in the mortgage was ordered to be sold; that one T. B. Lee, a party defendant in said action, was the owner of said lots; that an order of sale was issued on said judgment, by direction of said plaintiff, commanding the sheriff of said county to appraise, advertise and sell said lots; that said lots, which were subject to a prior mortgage of $7,000, were appraised at the sum of $8,000; that the sheriff sold them for $100; that a return of such sale was made by the sheriff, and confirmed by the court, and a deed executed to the purchaser; that T. B. Lee afterward commenced an action in the district court of Sedgwick county to recover from the sheriff the sum

of $5,233.33, being the difference between two-thirds of the appraised value of said lots and the sum for which they were sold by the sheriff; that by reason of said suit Lee ratified the sale, and confirmed the purchaser's title. It is also alleged in the answer that certain property belonging to Vandeventer was attached in the foreclosure suit, and sold under the order of the court, from which the sum of $1,470 was realized. Defendant claimed that by reason of these facts the debt was paid. The answer also contains a general denial. The case was tried by the court without a jury, and special findings of fact were made. Various errors are alleged and strongly urged upon our consideration. Our attention is first called to the proposition that the petition alleges that the deed made by Vandeventer to Rouse conveyed lots 78, 80, 82, and 84, on Fourth avenue, in English's third addition to the city of Wichita, while the copy of the deed attached to the petition shows the lots to be in English's addition. It is contended that, for this reason, it does not appear that the defendant assumed the payment of the mortgage which the plaintiff held. There is nothing in the record indicating that the attention of the court was called to this discrepancy, nor is there anything to show that there were any such lots on Fourth avenue in English's addition. It seems to us probable that this is a mere clerical error in copying the deed; but even if it be not so, we are not able to say that the description is 1. Review—question not raised below. not a complete identification of the lots, and as it was evidently so treated by the trial court we cannot for that reason reverse the judgment. There is no showing here that there was any real dispute as to the identity of the lots covered by the mortgage with those included in the deed to defendant Rouse.

It is contended also that Bartholomew, having brought suit against Vandeventer to foreclose the mortgage, and having attached and sold Vandeventer's property, thereby elected to pursue his remedies solely against Vandeventer, and must be held to have released Rouse; that he must promptly elect which remedy he will pursue, and that his claim in this action

is inconsistent with that made in the foreclosure suit against Vandeventer. It has already been decided by this court that "an action can be maintained upon a promise made by a defendant, upon valid consideration, to a third party, for the benefit of the plaintiff, although the plaintiff was not privy to the consideration." (*Anthony v. Herman*, 14 Kas. 494; *Manufacturing Co. v. Burrows*, 40 id. 361; *K. P. Rly. Co. v. Hopkins*, 18 id. 495.) The case of *Searing v. Benton*, 41 Kas. 758, is cited as being to the opposite effect by counsel for the plaintiff in error. There is, however, no conflict between this case and the others cited. The case last named is to the effect that, where the purchaser of lands agrees to pay the debt of his grantor as part of the purchase price, but the creditor does not accept the contract, the vendee does not become the debtor of the mortgagee; in other words, that an election by the mortgagee to treat the grantee as his debtor is necessary to create that relation. When Rouse assumed the payment of one-half of this mortgage debt by accepting the deed from Vandeventer, with a clause providing for such assumption as between himself and Vandeventer, he became the principal debtor on the mortgage. The holder of the mortgage was under no obligation to accept the promise made for his benefit, but, under the decisions cited here, was at liberty to do so. By accepting Rouse as his principal debtor he did not necessarily release Vandeventer from his obligation on the note. The plaintiff was at liberty to pursue his remedy against either or both. (See particularly *Manufacturing Co. v. Burrows*, above cited.)

We do not see how the defendant was injured in any manner by the dismissal of the foreclosure case as to him, and the prosecution thereof to final judgment against Vandeventer, or by the plaintiff's having exhausted his remedy against the mortgaged property and attached property belonging to Vandeventer. The plaintiff, having a cause of action which is several against various defendants, can pursue his remedy against either without forfeiting his rights against the others.

2. Mortgage— payment assumed by grantee.

The next question presented arises on the appraisement, the material part of which reads as follows: ". . . do return that, upon actual view of said premises, and.after having been on said premises, we find and estimate the same to be of the total value and appraisement of $8,000," the said property being described and separately appraised as follows, to wit: "Lots seventy-eight (78), eighty (80), eighty-two (82), and eighty-four (84), on Fourth avenue, in English's third addition to the city of Wichita, Sedgwick county, Kansas, subject to a mortgage for $7,000, with interest at 8 per cent. from January 20, 1887." It is strenuously contended that this is an appraisement of the defendant's interest in the mortgaged property at $8,000; that the sheriff had no right to sell for less than two-thirds of that sum, and that, under the authority of *DeJarnette v. Verner*, 40 Kas. 224, the plaintiff's judgment was paid by such sale to the extent of $5,333.33, and that this sum, when added to the $1,470 realized from the property belonging to Vandeventer, attached and sold in the same case, more than paid the judgment; that no matter what right Lee, the holder of the legal title at the time of the sale, might have had to set aside the sale, by bringing his action against the sheriff to recover damages for selling at less than two-thirds of the appraisement, he waived all question as to the validity of the sale and confirmed the purchaser's title. Several questions are suggested on this appraisement, which we do not deem it necessary to decide, viz.: Whether it is the duty of the appraisers to merely appraise the interest of the judgment debtor, or whether the total value of the property should be stated; and also the question whether the sale must be for two-thirds of the appraised value of the debtor's interest in the property, or whether it may be made for two-thirds of the total valuation of the property, and the amount of the prior incumbrance be deducted from the sum to be paid to the sheriff by the purchaser.

In the view we take of this case, these questions are not presented for our consideration, and we refrain from expressing any opinion upon them until properly called on so to do.

This appraisement was construed by the sheriff to mean that the full value of the lots was $8,000; that they were subject to a mortgage for $7,000 and interest, leaving the interest of the debtor at the time the appraisement was made less than $100. This construction was ratified by the trial court. While the language used is not clear, and while it would doubtless be much better for appraisers to state distinctly what they mean, we are not able to say that this construction of their language is wrong, nor can we say that they were bound to make a more clear statement. The lots were sold for more than the whole difference between the amount of the mortgage and the appraisement, and the sale, having been confirmed by the court, cannot be treated collaterally in this action as erroneous.

3. Premises—construction of appraisement.

The judgment will be affirmed.

All the Justices concurring.