### Gray, et al. v. Gilliam, et al.

(Decided October 14, 1915.)

Appeal from Knox Circuit Court.

Mortgages—Acceptance of.—When the mortgagee takes possession of the mortgage and has it put to record, this is an acceptance of it by him.

J. D. TUGGLE and J. B. CAMPBELL for appellants.

J. M. ROBSION for appellees.

OPINION OF THE COURT BY JUDGE CARROLL.—Affirming.

This case may be briefly disposed of. Previous to September, 1908, Gray was indebted to Gilliam in the sum of two thousand dollars, secured by a mortgage on what was known as the "Tunnel property." Desiring to

have this mortgage released, Gray proposed to execute a mortgage on other property, which proposition was accepted by Gilliam, and thereupon, on September 4, 1908, Gray and his wife executed to Gilliam a mortgage for two thousand dollars on certain real estate described in the mortgage. The mortgage stipulated that "before this contract of mortgage is to take effect, first party is to pay the accrued interest on the mortgage as it now stands on the Tunnel property or to make such arrangement about said interest as will be satisfactory to second party. It is further agreed by the parties hereto, that as soon as this mortgage is accepted and placed on record, that the first mortgage given to secure this debt will be fully released and the mining property at the tunnel embraced by said mortgage will be freed from the same." On October 2nd, 1908, this mortgage was duly recorded in the proper office.

In 1912 the assignee of Gilliam brought suit to enforce this mortgage lien, and Gray sought to defeat a recovery upon the ground that Gilliam had never released the mortgage on the Tunnel property or accepted the new mortgage, and therefore there was no consideration for its execution.

Some claim is made that in consequence of the failure of Gilliam to release the mortgage on the Tunnel property, Gray was damaged in connection with a trade he had with the Charlton-Jellico Coal Co., but there is no evidence to support this contention.

The new mortgage itself recited that as soon as it was accepted and placed on record, the mortgage on the Tunnel property would stand released. By placing this mortgage on record Gilliam accepted it in lieu of the mortgage on the Tunnel property, and his act in thus accepting it, of itself released the lien secured by the other mortgage.

It is further said that the new mortgage provided that it should not take effect until Gray paid the interest on the first mortgage debt or made satisfactory arrangements concerning the same, and as Gray did not pay this interest, the new mortgage did not take effect. But when Gilliam accepted this new mortgage and put it on record, he signified his willingness that it should take effect without the payment of the interest, and this act on his part was an acceptance of the new mortgage.

In addition to this, in August, 1909, Gray conveyed the land covered by the new mortgage to his wife, and as a part of the consideration for this conveyance it was stipulated that Mrs. Gray should pay the mortgage debt to Gilliam.

Again, in 1910, Gilliam, in his bankruptcy proceedings, fully recognized the existence and validity of this new mortgage.

It is also relied on as error that personal judgment was given against Mrs. Gray, but there is no merit in this contention. Mrs. Gray assumed payment of this mortgage debt and was liable as principal for its payment.

The judgment is affirmed.