## Jarrett v. Louisville & Nashville Railroad Company.

(Decided December 21, 1923.)

### Appeal from Logan Circuit Court.

1. Compromise and Settlement—Burden of Proof on Party Alleging Fraud.—In an action for personal injuries, where defendant alleged settlement, and plaintiff in his reply did not deny the settlement but alleged that it was procured by fraud, the burden was upon plaintiff to prove the fraud as well as his original claim, in view of Ky. Stats., section 473.

2. Pleading—Denial of Appointment of Guardian and Execution of Receipt Upon Information and Belief.—In action for personal injuries, wherein defendant set up settlement with guardian, as plaintiff did not execute a receipt relied upon by defendant to defeat the action, it was only necessary that he should deny that he had sufficient knowledge or information to form a belief that it was executed by his guardian, but it was not sufficient to simply deny knowledge or information of the appointment of the guardian; such fact being a matter of public record, a certified copy of which was filed with the answer, and a denial of knowledge concerning it not being authorized by Civil Code of Practice, section 113.

3. Guardian and Ward—Guardian may Compromise, Settle, and Release Claim for Personal Injuries.—Under Ky. Stats., section 2030, a guardian of an infant may compromise and settle claim of infant for personal injuries, without leave of court, and the ward will be bound thereby unless it is done in bad faith or in fraud of his rights.

E. J. FELTS, W. T. LASLEY and S. H. BROWN, for appellant.

WOODWARD & WARFIELD and S. R. CREWDSON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Upon reaching his majority, appellant filed this action to recover damages for personal injuries alleged to

have been negligently inflicted upon him by appellee on May 9, 1902, when he was but 13 years of age.

The answer traverses the allegations of negligence, pleads contributory neglect, and alleges, as a full and complete settlement of the claim, the payment of $100.00 to S. J. Browning, appellee's statutory guardian, in June, 1902.

Replying to this latter plea, appellant alleged ignorance of what was done at the time "and therefore denied" the appointment of Browning as his guardian, or his authority to settle the claim, or that he was bound thereby, or that the $100.00 was paid or received in full or complete, or any, settlement of his claim. But with its answer the defendant set out, filed, and made parts thereof, certified copies of the county court orders showing the appointment and qualification of Browning as guardian of plaintiff upon the motion and request of his father, the canceled check to and endorsed by Browning as his guardian, and his receipt of same in full and complete settlement of the claim herein asserted.

Plaintiff did not deny the execution or verity of any of these papers, and alleged in avoidance of the settlement that it was procured by fraud. This latter plea was traversed by rejoinder, and upon these issues, the case went to trial.

Plaintiff offered no proof of fraud in connection with his guardian's settlement of the claim sued on, and, upon the completion of his evidence, a verdict was directed for the defendant, and he appeals.

His first contention is, that the court erred in directing a verdict against him, because he proved negligence, and the burden was upon the defendant to prove the alleged settlement. Waiving the question of negligence the question then is, did plaintiff by his reply deny the plea of settlement, or did he simply plead fraud in avoidance thereof, since if, as his counsel insist, he did the former, the burden of proving same was upon defendant, and as it offered no such or any proof, the court erred in directing a verdict for it. But if plaintiff simply pleaded fraud in avoidance of the alleged settlement, as counsel for defendant insist, the burden was upon him to prove this plea as well as his original claim, and as he did not do this, the court did not err in directing a verdict for the defendant.

Section 473, Kentucky Statutes, provides that:

"The execution of a writing on which a suit or defense is founded, or its assignment, shall only be denied by answer or other pleading verified by oath."

Subsection 7 of section 113 of the code reads: "A traverse is a denial; by a party, of facts alleged in an adverse pleading, if they be presumptively within his knowledge; or a denial of them, or a denial that he has sufficient knowledge or information to form a belief concerning them, if they be not presumptively within his knowledge."

Construing these provisions, we said in Walsh's Extr. v. Pearce's Extr. 148 Ky. 760, 147 S. W. 739:

"It is necessary to constitute a good plea of *non est factum* that the answer (or reply) shall be verified and be in express terms a denial of the execution of the instrument sued on, or a denial of sufficient knowledge or information to form a belief concerning its execution. If this defense is made by the person who it is alleged executed the paper, the denial should be in express terms but if the denial is made by the personal representative of the person whose signature is attacked, or by some other third party who has a right to make the defense, a denial of sufficient knowledge or information to form a belief will be sufficient."

As plaintiff did not execute the receipt relied upon by the defendant to defeat his action, it was only necessary that he should deny that he had sufficient knowledge or information to form a belief that it was executed by his guardian. But he did not do this. He made no denial of any kind that the receipt was executed, but simply denied its effect, and he did not, therefore, put in issue its execution by his guardian. And while he denied knowledge or information of the appointment of his guardian, that fact was a matter of public record, a certified copy of which was filed with the answer, and a denial of knowledge concerning it is not authorized by section 113 of the Civil Code. Walsh's Extr. v. Pearce's Extr., *supra;* Wing v. Dugan, 8 Bush 583; Barrett v. Godshaw, 12 Bush 592; Johnson v. Asher, 105 S. W. 943; Daisey R. Co. v. Brown, 18 Ky. L. R. 155; Lucas v. Lucas, 18 Ky. L. R. 661; Gridler v. Farmers & Drovers Bank, 12 Bush 333.

Plaintiff's reply therefore was merely a denial of the legal effect of the papers necessarily exhibited with and

made parts of the plea in bar of the answer, and a plea of fraud in avoidance thereof. It was therefore incumbent upon the plaintiff, in order to make out a case for the jury, not only to prove negligence, but also to avoid the settlement by his guardian by proof of its fraud. Not having done this, the court did not err in directing the verdict for the defendant, unless, as is also contended by the plaintiff, his guardian did not have authority, without court approval, to make the settlement.

Without statutory restraint, a guardian may compromise, settle, and release claims and demands due to or made by or on behalf of his ward, and the ward will be bound thereby unless it is done in bad faith or in fraud of his rights, as is conceded by counsel for plaintiff. But it is insisted that the powers of guardians in this state are restricted by section 2030 of Kentucky Statutes, which provides that:

"He shall also receive and sue for the debts and demands owing to the ward, defend actions against him, and with leave of the court, may compound a debt or demand, or settle or compromise any controversy concerning the lands of his ward when the interest of the ward will be subserved thereby."

In the case of Manion, by, etc. v. Ohio Valley Ry. Co., 99 Ky. 504, 36 S. W. 530, where an infant was seeking to avoid a settlement made by his guardian with a railroad company for personal injuries, it was held that a claim for damages for personal injuries such as was there and is here asserted:

"Is not the kind of claim which is embraced in the meaning of the words 'debt or demand' used in the statute, and which a guardian may not 'compound' without leave of the court," and that the guardian had the power and authority under the law to compromise the claim.

It was, no doubt, upon this authoritative construction of the statute that the settlement in this case was effected, as well as a great many more like it, and while the construction is not, in our opinion, entirely free from doubt, we do not feel authorized, after so long a time, to depart therefrom.

These conclusions render unnecessary a consideration of numerous other questions discussed in briefs.

Judgment affirmed.