## Venable's Executrix, et al. v. Thompson, et al.

(Decided November 23, 1926.)

### Appeal from Clark Circuit Court.

1. Mortgages—Agreement by Mortgagee Releasing Part of Property Securing Mortgage on Sale of Balance Held to Constitute Release of Mortgagors from Payment of Debt.—Where land partially secur-

ing mortgage was sold, agreement of mortgagee releasing mortgage on other property held, in effect, agreement not to look to mortgagors for payment, in view of circumstances showing mortgagee was financing purchaser of land and subsequent failure to make demand on mortgagors for payment.

2. Mortgages.—Conveyance of mortgaged premises to purchaser assuming mortgage held sufficient consideration for agreement of mortgagee to look to purchaser for payment of debt.

J. F. WINN for appellant.

BENTON & DAVIS for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Annie R. Thompson and James H. Thompson, her husband, owned a farm in Clark county containing 45½ acres on which they resided. In March, 1919, they bought a house and lot in Winchester, and to pay for this house and lot they borrowed money from Dr. O. R. Venable and executed to him on March 26, 1919, a note for $5,325.00, due twelve months after date, with interest from date, and to secure the note they executed to him a mortgage on the farm in the country, and on the house and lot in the city. About Christmas, 1919, Thompson and wife, by a written contract, sold to Grover Morton the farm in the country for $195.00 an acre, the deed to be made on March 1, 1920. Morton proposed to sell this contract to James Kane, but Kane did not have the money to pay the full price on March 1, and he went to see Dr. Venable, who was an old friend of his. Dr. Venable told him to go on and make the trade. Kane wanted to borrow the amount of money that was already against the farm, for by using that amount of money he had cash enough to finish paying the price. Dr. Venable agreed to let him have the money, and told Kane he thought the farm ought to be worth that much, adding, "Go ahead and if we get a profit on it we will sell it and if we do not we will rent it out and I will put you on one of my farms." Kane then paid Morton $100.00 for his contract and on March 1, 1920, all the parties met in the clerk's office to close up the transaction. Thompson and wife executed a deed to Kane for the farm "in consideration of the sum of $3,-547.50, cash in hand paid, the receipt hereof being hereby acknowledged and the payment of a mortgage held by O. R. Venable against said tract of land, amounting to $5,-

325.00.'' Dr. Venable then entered upon the margin of the mortgage book the following words:

> ''The forty-five and one-half acres of land herein described is accepted as sufficient to secure the payment of this obligation, and the house and lot on Fitch avenue is released from the force and effect of this mortgage.
>
>                                              ''O. R. VENABLE.
> ''Attest: H. C. SKINNER, Clerk.''

Kane then paid to Thompson $3,547.50 in cash and Thompson used the money. On December 3, 1920, Dr. Venable died. On March 25, 1925, the executrix of Dr. Venable brought this suit against Thompson and wife and Kane and wife to recover on the note executed by Thompson and wife on March 26, 1919, and to enforce the mortgage on the land bought by Kane. Kane was insolvent. The land did not sell for enough to pay the debt. Thompson and wife pleaded that Dr. Venable had agreed to release them from the debt and to look to Kane therefor in consideration of Kane assuming the debt in the purchase of the land. Proof was taken. It showed the facts above stated. The circuit court dismissed the petition against Thompson and wife. The land not having sold for enough to pay the debt, the plaintiff appeals.

While none of the witnesses, whose testimony the court considered, expressly state that Dr. Venable agreed to look to Kane for the debt, and not to look to Thompson and wife, this was the necessary effect of the agreement. The deed which they executed was made in consideration of the payment of this mortgage. The release which Dr. Venable executed at the same time as part of the same transaction expressly provided that the farm was ''accepted as sufficient to secure the payment of this obligation.'' This would naturally be understood to mean that he agreed to look to the farm for the money, and in addition to this it plainly appears from the proof that he induced Kane to make the purchase and did so understanding that he was to stand by Kane in the matter. He released the only property which Thompson and wife owned. While the writing does not say in words that he released them this is its fair meaning when read as a whole in the light of the circumstances of the parties. This conclusion is strengthened by the subsequent action of the parties, for no demand was ever made upon

Thompson and wife to pay the debt and the debt was treated as the debt of Kane from this time on.

There was abundant consideration for the agreement of Venable to look to Kane for the debt and not to look to Thompson. This agreement was the consideration upon which Thompson conveyed the farm to Kane. Kane bought the farm under this agreement.

Judgment affirmed.