## Huffman v. National Surety Company.

(Decided June 24, 1932.)

JOHNSON & HINTON for appellant.

STRATTON & STEPHENSON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON.—Affirming.

Roland T. Huffman on October 1, 1917, was appointed and qualified as postmaster at the city of Pikeville, Ky. With the National Surety Company as his surety, he executed and delivered to the United States of America a bond conditioned that he would account for all property and money due and owing the United States and faithfully pay over moneys coming into his hands as postmaster during his term of office, beginning October 1, 1917, and ending January 1, 1923. In the final settlement of his accounts it was found by the Post

716

Office Department that he was indebted to the government in the sum of $1,014.94, which he failed to pay. In accordance with the provisions of its bond, the National Surety Company paid to the government the $1,014.94, and in February, 1927, instituted this action in the Pike circuit court to recover of Huffman, the $1,014.94. On the pleadings and the evidence, the court, without the intervention of a jury, entered a judgment in its favor against Huffman for the $1,014.94, from which he appeals.

A surety may discharge the obligation of the principal without waiting for suit against him, and proceed against the principal for reimbursement.

To state a cause of action, the National Surety Company in its petition alleged that it had paid the $1,014.94 to the government as surety for Huffman. This allegation was essential and required to state a cause of action against him. Owings v. Owings, 3 J. J. Marsh. 590; Wilson v. Hite's Exr., 154 Ky. 61, 157 S. W. 41.

Huffman traversed the petition, and in doing so, denied that he had sufficient knowledge or information to form a belief concerning the payment by the National Surety Company of the $1,014.94, or any part thereof, to the United States government. This form of denial is authorized by section 113, subsec. 7, of the Civil Code of Practice. Ward v. Edge, 100 Ky. 757, 39 S. W. 440, 19 Ky. Law Rep. 59; Jarrett v. L. & N. R. R. Co., 201 Ky. 452, 257 S. W. 17.

It was incumbent on the appellant to prove the payment of the sum sought to be recovered, and it was entitled to recover only the amount it had paid, with interest from the date of payment. Owings v. Owings, supra; Crozier's Trustee v. Grayson, 4 J. J. Marsh. 514.

A copy of the record of the postal accounts of the United States as made by the General Accounting Office, Post Office Department Division, Washington, D. C., containing debits and credits of the account of Roland T. Huffman as postmaster at Pikeville, Ky., certified and signed by Linton R. Ginn, Assistant Comptroller General of the United States, with the seal of the office affixed, is a part of the evidence in the record, which shows the balance due the United States government from Huffman as postmaster was $1,014.94, and also shows it was paid by "deposits by National Surety Company, Sept. 11, 1926."

The only ground of reversal presented in brief of Huffman is there is no proof in the record showing the appellee paid any sum to the government at any time, or that a demand was made upon it for payment.

This view of the case overlooks the presence in the record of the certified account of Huffman.

Section 670, title 28, U. S. Code, Compact Edition (28 USCA sec. 670), provides:

"In all suits for the recovery of balances due from postmasters, a copy, duly certified under the seal of the General Accounting Office, of the statement of any postmaster . . . or other person, employed by the Postmaster General or the General Accounting Office for that purpose . . . shall be received as sufficient evidence in the courts of the United States, or other courts."

Section 1636, Ky. Stats., reads:

"All records and exemplifications of office books kept in any public office of the United States . . . shall be evidence in this state if attested by the keeper of such record or books, and the seal of his office, if there be a seal."

In Anderson v. Com., 143 Ky. 87, 136 S. W. 134, a certified copy of the collector's book showing that defendant had paid the tax required by the laws of the United States for carrying on the business of retail dealer in spirituous, vinous, and malt liquors, was admitted as competent evidence under section 1636.

In King v. Com., 143 Ky. 125, 136 S. W. 147, a copy of the books of the collector of internal revenue was declared admissible without further identification.

In Gardner v. L. & N. R. R. Co., 212 Ky. 540, 279 S. W. 947, certified copies of carrier's tariffs and classifications were regarded as admissible evidence by virtue of section 1636, Ky. Stats.

The appellant was only required to produce a copy of the record of Huffman's account, certified under seal of the officer in charge of it. He was not required to produce the original. The record produced as evidence being properly certified, signed, and sealed by the custodian of the record, showing the amount due from Huffman, and that it had been paid by the National Surety

718

Company, was sufficient to sustain the appellee's allegation of payment.

The appellant presents in his brief no other question for determination.

Judgment affirmed.