## Fields et al. v. Letcher State Bank.

(Decided Nov. 29, 1932.)

JOE HALL for appellants.

HAWK & LEWIS and STEPHEN COMBS, Jr., for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The decisive questions presented by this appeal are the necessary allegations and proof of a surety to recover of his principal.

Kelley Fields as principal, with W. E. Cook, R. Monroe Fields, and W. E. Brown as his sureties, executed and delivered a note to the Letcher State Bank for $750. At the time of its execution and delivery, Kelley Fields, and his wife, Calliedonia Fields, executed and delivered to them a note of $750, of the same date of the note to the bank, bearing the same rate of interest. To secure it, they executed and delivered to them a mortgage on certain land in Letcher county,

Ky., to which Calliedonia Fields held title. The note to the bank was renewed from time to time, when $100 was paid on it by Kelley Fields and a renewal note of $600 was execued and delivered by him and his sureties to the bank. W. E. Brown declined to sign as surety the last renewal note to the bank. He transferred to Monroe Fields, by written indorsement, his interest in the note of $750 and the mortgage to secure it. Calliedonia Fields died, leaving surviving her, her husband Kelley Fields and Willie Fields, Nora Fields Blair, Aoma Fields, Pascal Fields, Ted Fields, Lela Belle Fields, Juanita Fields, and Ralph Fields, her heirs at law. The Letcher State Bank instituted this action against Kelley Fields, W. E. Cook, and Monroe Fields to reduce to judgment its note against them. W. E. Cook and Monroe Fields filed an answer and cross-petition against the heirs at law of Calliedonia Fields. They sought to recover on the note of $750 and to enforce the mortgage to satisfy it. Judgment was entered in favor of the bank against the principal and sureties for the amount of its note. The answer and cross-petition of Moore and Fields state that neither the note nor the judgment of the Letcher State Bank has been satisfied. Neither the Letcher State Bank in its petition, nor Moore and Fields in their answer and cross-petition, sought to have the bank subrogated to the rights of the sureties under the mortgage which was given to secure the sureties against liability for the debt of Kelley Fields. The Letcher State Bank on the making of the required and appropriate allegations by it, or the sureties, was entitled to be subrogated to the rights of the sureties. Section 661, Civil Code of Practice; Alexander et al. v. West et al., 241 Ky. 541, 44 S. W. (2d) 518, and cases cited.

Cook and Fields in their answer and cross-petition set forth the usual and necessary allegations to entitle them to a judgment on the note of $750 and to enforce their mortgage, with the disclosure therein that the note of the bank, and judgment thereon, have not been satisfied by them or any one else. With these allegations in their pleading the court erroneously entered judgment in their favor against Kelly Fields for the $650 and decreed a sale of the land covered by the mortgage to pay it, interest, and costs. To state a cause of action in their favor against Kelley Fields, as well as against the heirs of Calliedonia Fields for the purpose

of selling her land to satisfy her obligation, it was necessary and required of them both to allege and prove that the debt of the Letcher State Bank had been paid to it by them and the amount they had paid to satisfy it. These allegations were essential and required to state a cause of action in their behalf, not only against Kelley Fields but against the heirs of Calliedonia Fields. Walker v. McKay, 2 Metc. 294; Graves v. McKinney's Adm'r, 6 Ky. Law Rep. 224; Wilson v. Hite's Ex'r, 154 Ky. 61, 157 S. W. 41; Huffman v. National Surety Co., 244 Ky. 714, 51 S. W. (2d) 950.

Moore and Fields were entitled as against the heirs of Calliedonia Fields to subject only so much of the value of the property covered by their mortgage as was necessary to satisfy the amount they had paid to the Letcher State Bank as sureties on its note. Courtney v. Scott, Litt. Sel. Cas. 457.

Ted Fields, Lela Belle Fields, Juanita Fields, and Ralph Fields are infants and were proceeded against as such in the answer and cross-petition of Moore and Fields for the purpose of selling the land of their deceased ancestor to satisfy a lien created by her. The answer and cross-petition and judgment of the court ignored the provisions of the Civil Code of Practice, sec. 428, as to the necessary allegations, to authorize the sale of an infant's land to pay the ancestor's debt or to satisfy a lien created by him, as has often been declared by this court to be necessary in such cases. Thomas v. Thomas' Guardian et al., 244 Ky. 724, 51 S. W. (2d) 949, and Soper et al. v. Foster et al., 244 Ky. 658, 51 S. W. (2d) 927, and cases cited. This question was reviewed and elaborately discussed in the latter case, to which the interested reader is referred for a review of the application of section 428, Civil Code, in such cases.

Judgment reversed for proceedings consistent with this opinion.