## White et al. v. Upton et al.

(Decided May 8, 1934.)

NORTHCUTT & NORTHCUTT and L. M. ACKMAN for appellants.

ROGERS & ROGERS and JOHN L. VEST for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

Following negotiations, the appellee, W. T. Upton, submitted a written proposal to the appellant, Robert M. White, to exchange certain residence property and a restaurant business in Erlanger for White's farm in Pendleton county, including growing crops, live stock, and tools. The writing contained this sentence: "I agree to accept a loan that you have on the farm of $7300 on the house." White indorsed his acceptance upon that offer. The loan referred to was a debt owing the Farmers' Bank & Trust Company of Dry Ridge, and was secured by a long-term mortgage on the farm. There were also mortgages on the town property so that the estimated equities of the respective parties were about equal. Upton took possession of the farm through a tenant and disposed of some of the crops and stock. It appears that White took over the town property. A disagreement arose whether under the quoted provision in the contract of exchange Upton had only accepted the farm subject to the mortgage or had personally assumed to pay the debt as well. A few weeks after the contract was made, White tendered a deed to Upton, which specifically and definitely contained the personal assumption of the debt on the farm. Upton claims to have rejected the deed because of this provision. An issue was raised in this case whether he had accepted it. We conclude that the evidence establishes the fact

that there was an acceptance and a legal delivery of the deed. Under this view, the construction of the provision in the contract becomes unnecessary, for it must be held that, by the completed delivery of the deed, the parties themselves interpreted that agreement to mean the assumption by the vendee of the payment of the debt. The grantee thereby became bound for the obligation it imposed, for the delivery and acceptance of a deed with knowledge that it contains a clause assuming the payment of the mortgage automatically converts the instrument into a bilateral contract obligatory in all its terms upon both the grantor and grantee. Anglo-American Mill Company v. Kentucky Bank & Trust Company, 243 Ky. 124, 47 S. W. (2d) 951; 13 C. J. 266; 18 C. J. 217; Jones on Mortgages secs. 934, 940 · Thompson on Real Property, sec. 4662.

When the next installment of the mortgage debt became due, it was not paid, and the bank, as mortgagee, brought suit against White and Upton to foreclose. When that had been done, White filed this suit against Upton, charging his assumption of the obligation to the bank, and asking personal judgment against him for $7,300 and interest. During the pendency of this suit, judgment was rendered against White, and the farm sold under the foreclosure suit of the bank. The net proceeds of $5,574 were credited on the sum claimed in this petition. It was not made to appear that White had ever paid the deficiency or in any way satisfied the bank with respect to its payment. Nor does it appear there was any attempt in the foreclosure suit to collect the balance from Upton, or, indeed, to litigate his personal liability. The bank, as mortgagee, was not made a party to this suit. The case had some complications by reason of attachments and other claims, but they have all passed out and no attention need to be given them. On the main question, the plaintiff introduced evidence to establish a legal delivery of the deed, including the testimony of the defendant taken on the trial as on cross-examination. When this had been concluded, the court directed a verdict for the defendant. The plaintiff brings an appeal from the judgment dismissing his petition.

One of the grounds, if not the only one, upon which the trial court rendered its judgment, is that the plaintiff could not maintain the action. If that conclusion is

correct, there is no necessity for passing upon other questions raised on the appeal. The concrete question before us is: Where the grantee in a deed assumes the payment of a debt of the grantor, secured by a mortgage on the property conveyed, and defaults in its payment, may the grantor maintain a suit against the grantee for the amount due the mortgagee without having himself paid the debt?

The assumption by the grantee of the lien debt on the property conveyed does not operate as a novation, and the mortgagee still has recourse against the grantor as a mortgagor and debtor. North Western Mutual Life Insurance Company v. Eddleman, 247 Ky. 116, 56 S. W. (2d) 561, 87 A. L. R. 276; Jones on Mortgages, sec. 923.

In assuming the payment of the debt, the purchaser of the land becomes primarily liable and a principal along with the mortgagor, so that the mortgagee, in the absence of a release, may choose to enforce his claim against either or both and have a personal decree against them. 19 R. C. L. 374; 41 C. J. 736; Jones on Mortgages, secs. 920, 923, 934, and 949; Gray v. Gilliam, 166 Ky. 194, 179 S. W. 22; Venable's Ex'x v. Thompson, 216 Ky. 721, 288 S. W. 669; Dupre v. Hortsman, 238 Ky. 382, 38 S. W. (2d) 236, 237; Anglo-American Mill Company v. Kentucky Bank & Trust Company, 243 Ky. 124, 47 S. W. (2d) 951. And, as held in Rouse v. Bartholomew, 51 Kan. 425, 32 P. 1088, the grantee is not discharged from liability to the mortgagee for any deficiency merely because the latter has foreclosed his mortgage. But as between the grantor and the grantee there is thenceforth established the relation of principal and surety with the mortgaged property constituting the primary fund for the payment of the debt. The purchaser becomes as to the mortgagor the principal debtor and the mortgagor his surety. Jones on Mortgages, secs. 920, 934, 964; Thompson on Real Property, sec. 4661; 41 C. J. 737; annotations, 21 A. L. R. 504, 76 A. L. R. 1191.

The remedy of a surety against his principal where he has not satisfied the debt is prescribed by section 661, Civil Code of Practice, which is as follows:

"After the maturity of a debt or liability, an equitable action may be brought by a surety against his

principal to compel payment of it, or by one who is jointly liable therefor with another to compel him to pay so much of it as he may be equitably liable for as between him and the plaintiff.'' '

Unless the surety proceeds under that statute, it is required that he should have paid or otherwise discharged the debt before he may maintain the suit against the defaulting principal for reimbursement or satisfaction of his obligation to him. Huffman v. National Surety Company, 244 Ky. 714, 51 S. W. (2d) 950; Fields v. Letcher State Bank, 246 Ky. 229, 54 S. W. (2d) 910. The court is of the opinion, therefore, that the plaintiff did not establish a right to maintain this common-law action to recover for himself a judgment for the balance due by Upton upon his agreement to pay the debt to the bank.

Judgment affirmed.

Whole court sitting.