NATIONAL SURETY CORPORATION v.
PEOPLES MILLING CO., Inc., et al.
No. 239.

District Court, W. D. Kentucky,
Paducah Division.
Oct. 24, 1944.

Terrell & Schultzman, of Paducah, Ky., for plaintiff.

Turner & Turner, of Paducah, Ky., for J. D. Coffee and D. G. Childress.

Wheeler & Shelbourne, of Paducah, Ky., for C. S. Thomas, C. H. High and J. T. Rice.

MILLER, District Judge.

On June 16, 1941, the defendant, Peoples Milling Company, Inc., entered into an agreement with the Secretary of Agriculture for the storage of grain, and at approximately the same time executed in its own name as principal and with the plaintiff, the National Surety Corporation, as its surety a bond to the United States of America by which they covenanted to the Secretary of Agriculture in the sum of $5,000 to faithfully perform the terms of the storage agreement. In order to induce the plaintiff to execute the surety bond, the defendants D. G. Childress, J. D. Coffee, O. Alexander, C. S. Thomas, C. H. High and J. T. Rice executed a third party indemnity agreement by which they obligated themselves to indemnify the plaintiff against any and all liability and damage which the plaintiff might sustain or incur as such surety. In November, 1942, the Commodity Credit Corporation claimed to be damaged in the amount of $3,084.35 on account of certain deficiencies in the quantity and quality of wheat stored in the warehouse under the storage agreement, and demanded of the Peoples Milling Company and the plaintiff the payment to it of said sum. Upon the failure of the Peoples Milling Company to pay the claim the plaintiff made said payment on March 31, 1944. The Peoples Milling Company and the individual indemnitors refused to reimburse the plaintiff and this action followed to recover of them the amount which the plaintiff had paid by reason of its bond guaranteeing the faithful performance of the storage contract.

The defendants, Thomas, High and Rice, filed an answer in which by paragraphs 1 and 2 thereof they moved the Court to strike the complaint as amended and certain portions thereof. In paragraph 3 they claim that the storage contract was invalid because at the time of its execution O. Alexander, who signed the name of the Peoples Milling Company, was not the general manager of the corporation, and was not authorized to execute said agreement, and that they notified the plaintiff in writing long before the claim was paid that said claim was invalid and should not be paid. By paragraph 4 they allege that approximately 13,000 bushels of wheat was delivered to the Peoples Milling Company in July and August, 1941, which wheat was infested with garlic and foreign matter, and that much of the wheat was high in moisture content, and that by reason of these facts the Peoples Milling Company was not liable for the alleged deficiency claimed by the Commodity Credit Corporation.

The defendants, Coffee and Childress, filed their separate answer, counterclaim and cross-petition. They later moved to dismiss without prejudice the paragraphs attempting to assert a counterclaim and cross-petition. That motion is sustained. This makes it unnecessary to consider the separate motions of D. W. Judd and J. T. Rice to dismiss the counterclaim and cross-petition as against them. To clear them from the record said motions are overruled. The separate answer of Coffee and Childress alleges that the claim of the Commodity Credit Corporation was not a just claim against the Peoples Milling Company, that they notified the plaintiff not to pay the claim, but that the plaintiff disregarded their notice and paid the claim.

The plaintiff has moved to strike the separate answer of the defendants Coffee and Childress, and also to strike paragraphs 2, 3 and 4 of the separate answer of the defendants Thomas, High and Rice. The motion of these defendants contained in paragraph 1 of their answer to strike the complaint as amended will also be disposed of at the same time.

The defendants in their brief apparently do not attempt to support their motions to dismiss the complaint as amended or certain portions thereof. The right of an indemnitee to recover of the indemnitor under a contract of indemnity according to the terms of such a contract is well recognized. Such a contract is not against public policy and will be enforced if the indemnitee has suffered loss thereunder and has complied with its terms. The motions of the defendants Thomas, High and Rice to strike the complaint as amended and certain portions thereof (as set out in paragraphs 1 and 2 of their answer) are accordingly overruled.

The other pleadings of the defendants are based upon the contention that an indemnitee has no right to pay or settle an invalid claim and that any such settlement over the objection of the indemnitor does not give rise to any liability on the part of the indemnitor to reimburse the indemnitee for the money so paid out. This is probably a correct statement of the general rule. But there is a distinction between a claim which is actually invalid and one which the indemnitor merely claims to be invalid or to which he claims to have a defense. In the latter case the provisions of the indemnity contract between the parties govern the right or necessity of litigating the claim before the indemnitee is entitled to reimbursement. So long as some principle of public policy is not violated that contract controls. Paragraph 5 of the indemnity agreement herein sued upon provides: "The Surety is hereby authorized: * * * * (c) to take such steps as the Surety may deem necessary or proper to obtain release from liability under such bond; (d) to adjust, settle or compromise any claim or suit arising under such bond; and (e) with respect to any of the foregoing matters, to take any action it may deem appropriate and refrain from taking any action it may deem inappropriate." This provision of the contract, expressly gave the National Surety Corporation the right to adjust or settle the claim asserted by the Commodity Credit Corporation. It is well settled, even without a contract provision so authorizing, that a surety may discharge the obligation of the principal without waiting for suit to be filed against him, and be entitled to look to the principal for reimbursement. Huffman v. National Surety Company, 244 Ky. 714, 716, 51 S.W.2d 950. If the surety or the indemnitee has the legal right to adjust or settle the claim, either by reason of the terms of his contract or because of actions on the part of the indemnitor, it

is only necessary that such an adjustment or settlement be a reasonable one and made in good faith. Luton Mining Company v. Louisville & N. R. Co., 276 Ky. 321, 331, through 335, 123 S.W.2d 1055. Apparently, the chief defense relied upon by the defendants is that the storage agreement was invalid because Alexander was not authorized to execute it in the name of the Peoples Milling Company. However, as a matter of law the indemnitee would be estopped from asserting such a defense in any action against it under the bond. Carroll v. National Surety Company, 24 F. 2d 268, 270, 58 App.D.C. 3, and cases therein cited; City of Paducah v. Cully, 9 Bush, Ky., 323; Jones v. Gallatin County, 78 Ky. 491. The answers do not raise any issue of lack of good faith on the part of the plaintiff in making the settlement. The facts in the present case are very similar to the facts in the case of Carroll v. National Surety Company, supra, and the ruling therein with the reasons given therefor is very persuasive in the rulings herein made. The plaintiff's motions to strike paragraphs 2, 3, and 4 of the answer of the defendants Thomas, High and Rice, and to strike the separate answer of the defendants Coffee and Childress are sustained.