HAWAIIAN INSURANCE & GUARANTY COMPANY, LIMITED, Plaintiff-Appellant, *v.* RONALD G. HIGASHI and SHIZUE HIGASHI, Defendants-Appellees

NO. 9110

(CIVIL NO. 4598)

JANUARY 16, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a judgment in favor of indemnitors on a suit by the indemnitee. The Intermediate Court of Appeals reversed and ordered entry of judgment in favor of the indemnitors. We granted certiorari and now reverse in part the judgment of the Intermediate Court of Appeals.

The facts in the case are somewhat unusual. One of the indemnitors (which is not a party to this proceeding), to wit: R. G. Higashi Plumbing, Inc., entered into subcontracts with Pacific Construction Company, Ltd., for plumbing work, including the installation of bathtubs in Phase I and Phase II of Wailea Ekahi II on the island of Maui. The indemnitee was surety for the plumbing company on those contracts. Pacific Construction was the obligee of bonds issued by the indemnitee. The indemnitee, in turn, exacted indemnity agreements from the indemnitors.

Pacific Construction did not pay the plumbing company in full and the plumbing company brought suit. Pacific Construction

counterclaimed, alleging that the plumbing company's work was defective and filed a third-party complaint against the indemnitee as surety.

The record in the present case is very sparse since, at trial, no oral testimony was taken. The evidence consists only of ten exhibits. From the settlement agreement in the previous suit (which is the only document from that action in evidence), it appears that Pacific Construction agreed to pay $20,000 to the plumbing company in settlement of its suit. It further appears that the indemnitee agreed to pay $13,333.33 to Pacific Construction on the claim against it. The settlement is so structured that the indemnitee was to make its payment when Pacific paid the plumbing company. The parties in their briefs state that there was a dispute over whether the alleged defects in the tubs were the result of manufacturing or installation errors and that the counterclaim of Pacific Construction against the plumbing company in the earlier action was dismissed. Neither assertion is supported by the documents in evidence.

The trial court found that the "liability and/or noncompliance of the subcontract by, of or against [plumbing], as principal under the . . . performance bonds, were and have never been established or determined to exist." Finding of Fact No. 11. The trial court concluded that since "a surety is not liable to pay on behalf of or for the principal until the principal is liable" (Conclusion of Law No. 2), "[the Higashis] are not liable to [HIG] for its payments made to [Pacific]." (Conclusion of Law No. 1.)

The Intermediate Court stated: "We hold that the finding is irrelevant and the conclusion of nonliability is wrong." We agree. As the Intermediate Court of Appeals correctly pointed out, under the language of the indemnity agreement the indemnitee had the right to settle Pacific's third-party claim and obtain a release without notice to the indemnitors. Moreover the agreement imposed no obligation on the indemnitee to have the liability of plumbing under the subcontract determined judicially before settling with Pacific.

We agree also with the Intermediate Court that:

Even if an indemnitee has a legal right to settle a claim, the settlement must be reasonable and made in good faith. *National Surety Corp. v. Peoples Milling Co., Inc.,* 57 F.Supp. 281 (W.D. Ky. 1944).

Where we differ with the Intermediate Court of Appeals is that we cannot agree with its holding that the burden in this suit was upon the indemnitors to plead and prove unreasonableness or lack of good faith in the indemnitee's settlement of the earlier action. The Intermediate Court of Appeals cited several cases in support of its position, among them *National Surety Corp. v. Peoples Milling Co., Inc., supra.* That case, however, does not deal with the point of who has the burden of pleading and proving reasonableness and good faith. The other cases cited by the Intermediate Court, to wit: *Engbrock v. Federal Insurance Co.,* 370 F.2d 784 (5th Cir. 1967); *United States Fidelity & Guaranty Co. v. Napier Electric & Construction Co., Inc.,* 571 S.W.2d 644 (Ky. App. 1978); *Hess v. American States Insurance Co.,* 589 S.W.2d 548 (Tex. Civ. App. 1979); and *Commercial Union Insurance Co. v. Melikyan,* 430 So.2d 1217 (La. App. 1983) are all cases in which the indemnity agreement contained a provision that the indemnitee could make a settlement reasonably and in good faith and that the payment of monies by the indemnitee was *prima facie* evidence thereof. Obviously, where such a provision is in the agreement, the burden of proof on those issues shifts.

No such provision appears in the indemnity agreement here sued upon. Therefore, the general rule that the burden of proving reasonableness and good faith is on the indemnitee in such a suit applies. 41 AM. JUR.2d, *Indemnity* § 33 at 723 (1968); 42 C.J.S., *Indemnity* § 25 at 603-604 (1944).

Since the trial court made no finding upon the crucial issues of reasonableness and good faith, its conclusions of law and judgment in favor of the indemnitors were unsupported and erroneous. However, since the burden of establishing that the amount paid in the settlement of the earlier action was reasonable and in good faith was upon the indemnitee, not the indemnitors, and the record is substantially devoid of any evidence on that subject, the Intermediate Court of Appeals erred in ordering the entry of judgment in favor of the indemnitee.

It is clear from the transcript of the trial below that counsel for both parties, as well as the court, misapprehended the law and the pivotal factual issues to be disposed of. Accordingly, we reverse the judgment of the circuit court and remand for a new trial.

*John T. Vail* on the writ for appellees.

*Charles H. Witherwax* and *William Schmidt* for appellant.