**ENERFAB, INC., Appellant**

v.

**KENTUCKY POWER COMPANY, Appellee.**

**No. 2013–CA–000753–MR.**

Court of Appeals of Kentucky.

May 30, 2014.

Michael P. Casey, Eric G. Wright, Lexington, KY, for appellant.

Wendell S. Roberts, Donald R. Yates, II, Ashland, KY, for appellee.

Before CAPERTON, COMBS and DIXON, Judges.

## OPINION

DIXON, Judge:

Appellant, Enerfab, Inc., appeals from an order of the Boyd Circuit Court granting summary judgment in favor of Appellee, Kentucky Power Company, and enforcing an indemnity clause in the parties' contract.

Kentucky Power is a utility company that generates, transmits and distributes electricity in Eastern Kentucky. Kentucky Power is an affiliate of American Electric Power Service Corporation ("AEPSC") and a subsidiary of American Electric Power ("AEP"). In 2006, Enerfab entered into a three-year contract with AEPSC (acting on behalf of Kentucky Power) to provide maintenance and construction work at certain AEP power generating plants, including Kentucky Power's Louisa/Big Sandy plant. Relevant to the matter herein, the contract included two indemnification clauses that provided as follows:

16.2. In states other than Ohio, to the extent permitted by law, Contractor shall indemnify, defend at its expense, and save Owner harmless, from any liabilities, costs and claims, including judgments rendered against, and fines and penalties imposed upon Owner and reasonable attorneys' fees and all other costs of litigation, arising out of the contract, including injuries, disease or death to persons, or damage to property, including environmental claims and liabilities, caused by Contractor, its employees, agents or subcontractors, or in any way attributable to the performance of the contract, except that Contractor's obligation to indemnify Owner shall not apply to any liabilities arising from Owner's sole negligence. To the extent provided in this section, Contractor agrees to indemnify Owner for Owner's acts or omissions, negligent or otherwise.

16.5. Contractor shall be liable for reasonable attorneys' fees and all costs of litigation associated with enforcement of the obligation set forth in this article.

In November 2008, Murle Perry, an employee of Enerfab, was injured at the Louisa/Big Sandy Plant when he fell from a

platform while replacing a gear box/speed reducer in a boiler unit. In order to replace the gear box, a set of metal stairs and most of a metal guardrail on the platform around the stairs was removed, leaving an open hole in the platform through which the old gear box would be lowered to the ground. In the process of lowering the gearbox, Perry leaned on a section of the remaining guardrail causing it to break away from the platform. Perry fell through the hole in the platform to the ground twenty-three feet below. There is no dispute that at the time of his fall, Perry was not wearing the safety belt required under Kentucky's occupational and safety regulations.[1]

In November 2009, Perry filed a negligence action in the Boyd Circuit Court against Kentucky Power seeking damages for his injuries. Kentucky Power filed an answer denying Perry's allegations and asserting that Perry's tort claims were barred by the exclusive remedy provision of the Kentucky Workers' Compensation Act. Kentucky Power also filed a third-party complaint against Enerfab seeking indemnification for any and all sums recovered by Perry, as well as attorney fees and costs of litigation incurred by Kentucky Power in defending the action.

Subsequently, in April 2012, Kentucky Power filed a motion for summary judgment again arguing that Perry's claims were barred by the exclusive remedy and up-the-ladder provisions of the Workers' Compensation Act. On July 19, 2012, the trial court granted Kentucky Power's motion, finding that Kentucky Power qualified as Perry's statutory employer under KRS 342.610 and was therefore immune from tort liability for Perry's injuries. No appeal was taken from the summary judgment.

In February 2013, Kentucky Power filed a motion for summary judgment on its third-party complaint against Enerfab, seeking enforcement of sections 16.2 and 16.5 of the contract. Therein, Kentucky Power argued that the "sole negligence" exception contained in section 16.2 did not apply because Perry was negligent *per se* for failing to wear the required safety belt and thus, liability, if any, on the part of Kentucky Power could not have arisen from its sole negligence. Enerfab responded that because Perry only filed the action against Kentucky Power, and not Enerfab, the only liability that could have existed would have stemmed from Kentucky Power's own conduct, thus implicating the "sole negligence" exception to the indemnity agreement. Enerfab further asserted that since Perry's clams were dismissed as being barred by the exclusive provisions of the Workers' Compensation Act, there was no judicial determination that he was negligent *per se*. On March 26, 2013, the trial court entered summary judgment in favor of Kentucky Power finding that the contract obligated Enerfab to indemnify Kentucky Power for attorneys' fees and all costs of litigation associated with enforcement of the indemnity agreement. Enerfab thereafter appealed to this Court.

Our standard of review on appeal of a summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*,

---

1. 803 KAR 2:015 Section 3(1) provides, in relevant part, that "[e]mployees working from open-sided ... platforms ... which are elevated ten (10) feet or more above a lower level shall be secured by safety belts and lanyards, life lines where necessary, or shall be protected by safety nets.... The combination of safety belts and lanyards, lifelines where necessary, shall be designed to permit a fall of no more than five (5) feet."

916 S.W.2d 779, 781 (Ky.App.1996). Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." CR 56.03. The trial court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment is proper only "where the movant shows that the adverse party could not prevail under any circumstances." *Id.*

On appeal, Enerfab argues that the trial court erred in granting summary judgment in favor of Kentucky Power because, as matter of law, Enerfab has no obligation to indemnify Kentucky Power for its own negligence. Enerfab contends that because no liability could arise from its actions by virtue of the Workers' Compensation Act and because Perry only brought the action against Kentucky Power, any liability that could exist must have resulted from Kentucky Power's sole negligence. As such, Enerfab concludes that the exception contained in section 16.2 is applicable and no indemnification is owed Kentucky Power. We must disagree.

■ Indemnity is "[a] duty to make good any loss, damage, or liability incurred by another[,]" and "arises from a promise by the indemnitor to safeguard or hold harmless a party against an existing or future loss, liability, or both." *Frear v. P.T.A. Industries, Inc.* 103 S.W.3d 99, 107 (Ky.2003) (Citations omitted); *see also* 41 Am.Jur.2d *Indemnity* § 1 (1995). Furthermore, general principles of contract construction apply equally to indemnification agreements. "The right of an indem-

nitee to recover of the indemnitor under a contract of indemnity according to the terms of such a contract is well recognized. Such a contract is not against public policy and will be enforced if the indemnitee has suffered loss thereunder and has complied with its terms." *United States Fidelity & Guaranty Co. v. Napier Elec. & Constr. Co.*, 571 S.W.2d 644, 646 (Ky.App.1978) (*Quoting National Surety Corp. v. Peoples Milling Co.*, 57 F.Supp. 281, 282 (W.D.Ky. 1944)); *Thompson v. The Budd Co.*, 199 F.3d 799, 807 (6th Cir.1999) (holding that an indemnitor's liability "shall be determined by the provisions of the indemnity agreement itself").

■ The only exception to the indemnification provision contained in section 16.2 provides that Enerfab's obligation to indemnify Kentucky Power "shall not apply to any liabilities arising from ... [Kentucky Power's] sole negligence." We must agree with Kentucky Power, however, that under the undisputed facts, there could be no finding that liability, if any, arose from its sole negligence because Perry was not wearing the KOSHA-required safety belt at the time of his accident. He was obligated by KRS 338.031(2) to "comply with occupational safety and health standards and all rules, regulations and orders ... which are applicable to his own actions and conduct." A violation of a KOSHA regulation constitutes a violation of KRS 338.031. *Hargis v. Baize*, 168 S.W.3d 36, 42 (Ky. 2005). Accordingly, Perry's failure to wear the required safety gear constituted negligence *per se*. Even if the matter had proceeded to trial and fault had been apportioned to Kentucky Power, the fact remains that because Perry was negligent as a matter of law, Kentucky Power could not have been solely negligent.

We are of the opinion that facts herein are analogous to those presented in this Court's unpublished decision in *Quick De-*

*livery of Kentucky, Inc. v. Payless Shoe Source, Inc.*, 2003–CA–001230–MR, 2005 WL 3441360 (Dec. 16, 2005).[2] Therein, Quick Delivery and Payless entered into a service agreement that provided for Quick Delivery to deliver merchandise on behalf of Payless to various Payless retail outlets. As in the instant matter, the indemnification clause contained an exception providing that Quick Delivery was not responsible for "damages caused solely by negligence or the willful conduct of Payless." Subsequently, a Quick Delivery employee filed an action against Payless for injuries she sustained after she slipped and fell on Payless's property. As with the case herein, the trial court granted summary judgment in favor of Payless, ruling that the employee's tort action was barred because she had received workers' compensation benefits for her injuries. However, the trial court also ruled that the employee's injuries resulted from an open and obvious danger of which she should have been aware and that she failed to exercise ordinary care for her own safety.

Payless thereafter filed a declaratory judgment action against Quick Delivery seeking indemnification according to the parties' service agreement. The trial court granted summary judgment in favor of Payless. On appeal, a panel of this Court affirmed the lower Court, noting:

> Quick Delivery was obligated to indemnify Payless against any claim which was not solely caused by the negligence of Payless or by the willful conduct of Payless. The trial court in a summary judgment, that was affirmed by the Court of Appeals, ruled that the employee's injuries "resulted from an open and obvious danger of which [she] should have been aware[,]" and that Payless

had no liability for the injuries the employee suffered as a result of the fall. The words of a contract shall be given their ordinary meaning. *Fay E. Sams Money Purchase Pension [Plan] v. Jansen*, 3 S.W.3d 752 [753], 757 (Ky.App. 1999). A contract which is unambiguous needs no construction and will be performed and enforced in accordance with its express terms. *Ex parte Walker's Ex'r*, 253 Ky. 111, 117, 68 S.W.2d 745, 747 (1933). Therefore, as a matter of law the parties' agreement must be construed to obligate Quick Delivery to indemnify Payless for damages, including costs and attorney's fees, relating to Payless's defense of Quick Delivery's employee's claim against it. (Op. pp. 364–65)

We find little relevance in the fact that, unlike the trial court in *Quick Delivery*, the trial court herein did not make a judicial determination of Perry's negligence. Certainly, no such determination was necessary as Perry's claims were dismissed as being barred by the Workers' Compensation provisions. Further, Perry's negligence is unrefuted as he admitted he was not wearing the safety belt at the time of his accident. Although the trial court did not specifically state in its order that Perry was negligent, the order did recite that the trial court had "carefully reviewed the motion for summary judgment and response thereto" both of which thoroughly addressed the issue of Perry's negligence. We presume that in finding the indemnification provision applicable, the trial court considered and rejected the arguments set forth in Enerfab's opposition to summary judgment. *See Sparks v. Trustguard Insurance Co.*, 389 S.W.3d 121 (Ky.App. 2012).

We also find no merit in Enerfab's claim that any attorney's fees or expenses incurred as a result of Perry's tort claim

**2.** 2005 WL 3441360.

must have resulted from Kentucky Power's sole negligence because Enerfab could not have been liable in tort to Perry since he was injured during the course of his employment. Although it is true that Enerfab was immune from tort liability under the exclusive remedy statute, Perry's negligence could nevertheless have been imputed to Enerfab. *Cohen v. Alliant Enterprises, Inc.,* 60 S.W.3d 536 (Ky.2001). Thus, Enerfab could have been found to be negligent even though it was not liable to Perry. Moreover, it is irrelevant under the plain language of Section 16.2 whether Perry, Enerfab, or some other party was also negligent so long as Kentucky Power was not *solely* negligent. Because there is no other conclusion but that Perry was negligent in failing to wear the safety gear, Kentucky Power cannot be solely negligent under any facts presented herein.

In this case, Enerfab has admitted that it entered into the contract that incorporated the indemnity provisions in Sections 16.2 and 16.5, and it has not challenged the validity of such. Furthermore, it is indisputable that Perry's claim arose out of the contract and/or was attributable to the performance of the contract because he was injured while employed with Enerfab and, on the date of the accident, was performing work at Kentucky Power's plant. We are of the opinion that the contract's terms are clear and support granting Kentucky Power summary judgment on its indemnification claim.

For the reasons set forth herein, the Judgment of the Boyd Circuit Court is affirmed.

ALL CONCUR.