NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0118n.06

Case No. 15-5690

FILED
Mar 01, 2016
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Konecranes, Inc., | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| Central Motor Wheel of America, Inc., | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____/ | ) | |

Before: MERRITT, GIBBONS, and McKEAGUE, Circuit Judges.

**MERRITT, Circuit Judge.** This is an indemnity action relating to *Vaughn v. Konecranes, Inc.*, No. 15-5689 (6th Cir. March 1, 2016). In the district court, defendant/third-party plaintiff Konecranes, the party responsible for maintaining a piece of industrial equipment that allegedly malfunctioned and injured George Vaughn, sought common-law and contractual indemnification from third-party defendant Central Motor Wheel of America, George Vaughn's employer. Both parties moved for summary judgment on the indemnification claims; the district court granted the motion in favor of Central Motor Wheel on the common-law claim, and Konecranes on the contractual claim. Central Motor Wheel now appeals the district court's order granting summary judgment to Konecranes on Konecranes' contractual indemnity claim. For the reasons that follow, we affirm the judgment of the district court.

## I. Facts

A thorough review of the facts in the underlying tort action between George Vaughn and Konecranes is contained in our related opinion in *Vaughn*, No. 15-5689, slip op. at 2-6. The factual summary here is limited to information pertaining to the indemnity action between Konecranes and Central Motor Wheel.

After George Vaughn was injured and brought suit against Konecranes, Konecranes sought indemnity from Vaughn's employer, Central Motor Wheel. Both parties agree that their contractual indemnity agreement is embodied in the language of the following provision, a provision that was contained in both of the contracts they agreed to:

> INDEMNIFICATION. KONECRANES SHALL NOT BE LIABLE FOR AND BUYER SHALL RELEASE, INDEMNIFY, AND HOLD KONECRANES . . . HARMLESS FROM ANY CLAIMS, DEMANDS, DAMAGES, REGARDLESS OF THEIR TYPE INCLUDING, BUT NOT LIMITED TO, DIRECT, CONSEQUENTIAL, INCIDENTAL, PUNITIVE OR SPECIAL, ACCOUNTS, GRIEVANCES, LOSSES AND EXPENSES, WHETHER KNOWN OR UNKNOWN, PRESENT OR FUTURE, ANY AND ALL LIABILITY, OR AND FROM ANY AND ALL MANNER OF ACTIONS, CAUSE[S] OF ACTIONS, ALL SUITS IN LAW, IN EQUITY, OR UNDER STATUTE, STATE OR FEDERAL, OF WHATEVER KIND OR NATURE, THIRD PARTY ACTIONS, INCLUDING SUITS FOR CONTRIBUTION AND/OR INDEMNTIY ON ACCOUNT OF OR IN ANY WAY ARISING OUT OF ACTS OR OMISSIONS OF THE BUYER, ITS AGENTS OR EMPLOYEES AND RELATING IN ANY WAY TO THE GOODS AND/OR SERVICES PROVIDED UNDER THE QUOTATION OR THE EQUIPMENT RELATED THERETO, INCLUDING, BUT NOT LIMITED TO BUYER'S USE, INSTALLATION, INCORPORATION OR SELECTION THEREOF AND CAUSES (FOR INSPECTION SERVICES): (I) OUTSIDE THE SCOPE OF THE INSPECTION AS IDENTIFIED IN PARAGRAPH 9.B HEREOF, (II) ANY CONDITION THAT OCCURS FOLLOWING THE CRANE'S USE AFTER AN INSPECTION AS IDENTIFIED IN PARAGRAPH 9.C HEREOF, (III) FAILURE OF BUYER TO REPAIR OR REPLACE ANY DEFECTIVE CRANE OR COMPONENT AS IDENTIFIED IN PARAGRAPH 9.D HEREOF OR ANY OTHER CAUSE

> IDENTIFIED HEREIN OR THAT MAY BE REASONABLY
> INFERRED HEREFROM EXCEPT TO THE EXTENT CAUSED
> BY THE SOLE NEGLIGENCE OF KONECRANES.

The district court agreed with Konecranes that this language absolved Central Motor Wheel of its indemnity obligation only if Konecranes was "'100% responsible for the plaintiff's injuries.'" *Vaughn v. Konecranes, Inc.*, 2015 WL 3453457, at *3 (E.D. Ky. May 29, 2015) (quoting *Thompson v. The Budd Co.*, 199 F.3d 799, 811 (6th Cir. 1999)).  Having already held that there was "no genuine issue of material fact regarding Konecranes' negligence," the district court thus granted summary judgement to Konecranes on the contractual indemnity claim.  *Id.* at *4.  Central Motor Wheel filed this appeal, raising a variety of arguments challenging the district court's interpretation of the indemnity clause and the clause's enforceability, and ultimately claiming that it is not bound to indemnify any negligence on the part of Konecranes.

## II. Discussion

Because this case comes to our court on the basis of diversity jurisdiction, the substantive law of the forum state, Kentucky, governs.  *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938).  However, federal procedural law — including the standard for summary judgement — also governs.  *See Shropshire v. Laidlaw Transit, Inc.*, 550 F.3d 570, 573 (6th Cir. 2008).  Where the highest court of the forum state has not resolved an issue of substantive law, a federal court sitting in diversity must attempt to anticipate how the state high court would rule when deciding an issue.  *Filley v. Kickoff Pub. Co.*, 454 F.2d 1288, 1291 (6th Cir. 1972).

We review the district court's grant of summary judgment *de novo*.  *Miller v. Sanilac Cnty.*, 606 F.3d 240, 246 (6th Cir. 2010).  Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *Id.* (citing Fed. R. Civ. P. 56(c)).  We make all reasonable factual inferences in favor of the

nonmoving party and uphold a grant of summary judgment only where the record as a whole could not lead a rational trier of fact to find for the non-moving party. *Id.* at 247.

Under Kentucky law, the meaning of contractual language is a matter of law to be determined by courts, *Cumberland Valley Contractors, Inc. v. Bell Cty. Coal Corp.*, 238 S.W.3d 644, 647 (Ky. 2007), and the "nature of an indemnitor's liability under an indemnity contract shall be determined by the provisions of the indemnity agreement itself," *U. S. Fid. & Guar. Co. v. Napier Elec. & Const. Co.*, 571 S.W.2d 644, 646 (Ky. Ct. App. 1978). However, it appears the Kentucky Supreme Court has never interpreted the meaning of a "sole negligence" indemnity exclusion clause, *Thompson*, 199 F.3d at 811; Br. of Appellant 14; Br. of Appellee 13, so it is our responsibility to interpret the clause as we expect the Kentucky Supreme Court would.

Although a "sole negligence" indemnity exclusion clause has managed to evade the Kentucky Supreme Court, our Court has already interpreted such a clause under Kentucky contract law. In *Thompson*, our Court interpreted a clause very similar to the one at issue here. 199 F.3d at 810-11. That clause read, in relevant part:

> With regard to the work to be performed hereunder by the contractor on the owner's premises, contractor agrees to and will indemnify and hold harmless owner from and against any claims, losses, or damages due to the death of or injury to the person or the property of any person, or persons . . . arising out of, or in connection with, contractor's performance hereunder, except as to any such loss or damage which is caused by the sole negligence, or wanton and willful misconduct of owner or owner's agents, servants or employees.

*Id.* (emphasis added). Our Court reasoned that, under Kentucky contract law, "such language bars indemnity only where the bodily injury as a whole[] results from the sole negligence of the indemnitee." *Id.* at 811 (citations and internal quotation marks omitted). Here, the district court correctly held that *Thompson* controlled this case and required Central Motor Wheel to

indemnify Konecranes unless Konecranes was adjudged 100 percent responsible for George Vaughn's injuries. *Vaughn v. Konecranes, Inc.*, 2015 WL 3453457, at *3 (citing *Thompson*, 199 F.3d at 811).

Although Central Motor Wheel argues otherwise, *Thompson* is a binding published decision of this court unless it is overruled *en banc* or until Kentucky courts show us the state's law is otherwise. *Rutherford v. Columbia Gas,* 575 F.3d 616, 619 (6th Cir. 2009). Thus, we are bound by its holding that such "sole negligence" indemnity exclusion clauses are unambiguous and enforceable under Kentucky law, and allow an indemnitor to escape its indemnification obligation only if it is deemed exclusively responsible for an accident or injury. *Thompson*, 199 F.3d at 810-11; *see also Enerfab, Inc. v. Kentucky Power Co.*, 433 S.W.3d 363, 366-67 (Ky. Ct. App. 2014) (holding the same).

Central Motor Wheel attempts to argue that *Thompson* can be distinguished from this case because the clause in Thompson indemnified the recipient of services under the contract, whereas here the clause indemnifies Konecranes, the provider of services. But Central Motor Wheel altogether fails to explain why this distinction is of any significance, and *Thompson* gave no indication that its contractual interpretation was at all colored by the respective contractual roles of the indemnitor and indemnitee. 199 F.3d at 810-11.

Central Motor Wheel also suggests that it should not be required to indemnify Konecranes' negligence because the indemnity clause was "agreed to by a party [Central Motor Wheel] in a clearly inferior bargaining position." But it offers only conclusory statements of this sort, never explaining how it was in an inferior bargaining position to Konecranes. It makes out no colorable argument for duress or adhesion that would call into question the enforceability of its contracts with Konecranes.

Finally, Central Motor Wheel argues that, because it has already paid workers' compensation to George Vaughn, Kentucky statutes — Ky. Rev. Stat. §§ 342.690, 342.700 — limit its further liability and prevent it from indemnifying Konecranes. This argument borders on frivolous. Kentucky courts have clearly held that § 342.690 does not prohibit a third-party plaintiff from seeking indemnification from a third-party defendant that has already paid workers' compensation to the plaintiff in a matter. *Labor Ready, Inc. v. Johnston*, 289 S.W.3d 200, 207-08 (Ky. 2009); *Union Carbide Corp. v. Sweco, Inc.*, 610 S.W.2d 932, 934 (Ky. Ct. App. 1980). *Labor Ready* likewise treated § 342.700 as no obstacle to an indemnity claim. *See* 289 S.W.3d at 208.

Thus, we agree with the district court's legal conclusion that the contracts between Central Motor Wheel and Konecranes allow Konecranes to seek indemnity from Central Motor Wheel unless Konecranes is determined to be 100 percent at fault for George Vaughn's injuries. Because we also affirm the district court's grant of summary judgement to Konecranes regarding its alleged negligence, *see Vaughn*, No. 15-5689, slip op. at 16, we now affirm the district court's grant of summary judgment on Konecranes' contractual indemnity claim. Because Konecranes cannot be found negligent at all, it cannot be found 100 percent negligent such that Central Motor Wheel could invoke the sole negligence indemnity exclusion in the contracts.

### III.  Conclusion

For the foregoing reasons, the decision of the district court granting summary judgment to Konecranes on its contractual indemnity claim against Central Motor Wheel is hereby **AFFIRMED**.